## ROSENBERG v. DISTRICT OF COLUMBIA.

### No. 803.

Municipal Court of Appeals for the District of Columbia.

May 26, 1949.

Ben Lindas, Washington, D. C., with whom Joseph H. Schneider, Washington, D. C., was on the brief, for appellant.

[4] King v. McKnight, D.C.Mun.App., 61 A.2d 714.

490

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant was convicted by a jury of the offense of driving an automobile in the District of Columbia during the period for which his operator's permit had been revoked.[1] The only assignment of error argued on this appeal is that the attitude of the trial judge prejudiced the jury against the defendant.

Two incidents which occurred during the trial are relied upon in support of this general assignment. The first incident occurred under the following circumstances. Two police officers had testified that they had observed appellant driving the automobile shortly before his arrest, that appellant had admitted to them that he was driving the car and that his operator's permit had been and still was revoked and that he had urged the officers not to press charges against him. Upon cross-examination of one of the policemen, counsel for appellant asked:

" 'What did you do when the defendant asked you not to press charges against him?' and the witness started to answer 'I looked at his record and when'—At this point, the attorney for the defendant interrupted with the statement 'What are you trying to do, sneak in evidence which is not proper and that you know you could not testify to?' At that point, the presiding judge ordered the officer not to answer and said to the attorney for the defendant: 'Don't you ever again ask a question like that before me or you will be dealt with. You know you have no right to ask such a question. Proceed with the next question.' "

The other incident occurred during the final argument of counsel for appellant to the jury. Counsel mentioned something that had occurred in Burma. The statement of proceedings and evidence upon which this appeal was argued gives no further details, but it is obvious from what was said at oral argument that the Burma matter, whatever it was, had no direct bearing on the trial nor any connection with appellant. The statement of proceedings and evidence then recites that "Before the case was submitted to the jury the presiding judge commented upon the remarks made by counsel for defendant in the presence of the jury, to which comment exception was taken by said counsel."

■ We conclude that appellant has not established prejudicial error. As to the second incident recited just above, it is obvious that we could not hold the court's comment prejudicial without knowing what the comment was. We think we are entitled to assume that the court told the jury that the Burma event had nothing to do with the case. In Fall v. United States, 60 App.D.C. 124, 49 F.2d 506, defendant's counsel, addressing the jury, had urged that defendant be acquitted and sent back to the "sunshine of New Mexico." The trial court, charging the jury, said, at 60 App.D.C. 132, 49 F.2d 514: "Counsel have urged you to send this man back to the sunshine of New Mexico. You have nothing whatever to do with the sunshine of New Mexico." The Court of Appeals found no error.

■ The first incident was more serious. It is a general rule that a trial judge should not use language which tends to bring an attorney into contempt before a jury.[2] On the other hand, it is undoubtedly within the judge's province to admonish and rebuke counsel as occasion may require, and to use other preventive measures necessary to maintain the dignity of the court, and in rebuking counsel the degree of severity is left to the trial judge so long as it does not prevent the party from having a fair trial.[3] "Matters touching the proper and orderly conduct of the trial are

[1] Code 1940, 40—302(d).

[2] 53 Am.Jur., Trial, § 88.

[3] LaPorte v. Cook, 22 R.I. 554, 48 A. 798; People v. Modina, 146 Cal. 142, 79 P. 842; Tuttle v. State, 83 Ark. 379, 104 S.W. 135; 53 Am.Jur., Trial, §§ 88, 90.

quite properly within the sound discretion of the trial court."[4] Ordinarily counsel may not complain of slight or not seriously prejudicial impropriety in remarks or comments by the court where they are provoked by himself.[5]

Here it was improper for appellant's counsel to charge the witness with trying to "sneak in evidence," and we think that the trial judge had the right and indeed the duty to stop the use of such tactics. While we believe the words of the trial court were unnecessarily harsh, we can not find, on the record before us, that prejudicial error was committed, particularly where the evidence so completely supported the verdict of guilty and where the court's remarks had no reference to the merits of the case.[6]

Affirmed.

Charles H. Garlock, Washington, D. C., for appellant.

L. Clark Ewing, Assistant United States Attorney, Washington, D. C., with whom George Morris Fay, United States Attorney, and John D. Lane, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

---

[4] Fidelity & Casualty Co. of New York v. Niemann, 8 Cir., 47 F.2d 1056.

[5] 64 C.J., Trial, § 93.

[6] Vasser v. State, 75 Ark. 373, 87 S.W. 635.