Robert SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 9217.

District of Columbia Court of Appeals.

Argued March 3, 1976.

Decided May 3, 1976.

Austin P. Frum, Washington, D. C., appointed by this court, for appellant.

Frederick A. Douglas, Asst. U. S. Atty., Washington, D. C., for appellee.

Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Joseph F. McSorley and Henry H. Kennedy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before FICKLING, NEBEKER and MACK, Associate Judges.

MACK, Associate Judge:

■ On this appeal from a conviction of armed robbery [1] and carrying a dangerous weapon,[2] it is alleged that a sentence imposed pursuant to the "armed repeat offender" statute [3] is invalid because of the trial court's failure to follow procedure required by the recidivist statute.[4] We agree and therefore the judgments of conviction are affirmed and the sentence imposed under D.C.Code 1973, § 22–3202(a)(2) is vacated and this cause is remanded for resentencing.

The instant indictment was filed on April 16, 1973. On May 11, 1973, appellant's trial counsel attended a status conference at which he waived appellant's presence. During the conference the prosecution, pursuant to D.C.Code 1973, § 23–111,[5] served defense counsel with an information of a prior conviction on an armed offense which subjected appellant to additional penalties under D.C.Code 1973, § 22–3202(a)(2). The prosecution reserved the right to withdraw the information if appellant pleaded guilty to the charges. This, appellant chose not to do, and he was subsequently convicted after trial on July 19, 1973.

During the sentencing, held on September 7, 1973, after allocution by both counsel, the trial court asked appellant if he was Robert W. Smith and if he was the same person who was convicted of assault with intent to commit robbery while armed in 1970. Appellant replied affirmatively to both questions. Colloquy between the court, the attorneys, and occasionally appellant, continued, culminating in appellant's ultimate sentence of 2–6 years for robbery, 2–6 years for carrying a dangerous weapon and 5–15 years as a repeat armed offender under § 22–3202. The sentences were to be concurrent to each other and to all other sentences imposed.

■ Appellant specifically urges on appeal that he was not informed by the trial court, as mandated by the recidivist statute, that he was required to challenge his prior conviction before sentencing or the opportunity to do so would be lost. Because we view the language of § 23–111 (b) as being conjunctive and mandatory on a sentencing judge, we agree.

The portion of D.C.Code 1973, § 23–111 here pertinent states that:

If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, *and* shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. [Emphasis added.]

Almost three years ago, this court in *Smith v. United States,* D.C.App., 304 A.2d 28, 34, *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973), stated with respect to the very language here at issue: "The fact that the defendant . . . was represented by counsel does not relieve the court of its responsibility to give

1. D.C.Code 1973, §§ 22–2901, –3202.

2. D.C.Code 1973, § 22–3204.

3. D.C.Code 1973, § 22–3202(a)(2).

4. D.C.Code 1973, § 23–111.

5. D.C.Code 1973, § 23–111(a)(1) mandates that:

No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United State attorney or the Corporation Counsel, as the case may be, files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon.

the appropriate advice. *The statutory language is mandatory* and cannot be avoided by the mere granting to defendant of an opportunity to say something to the court . . . ." (Emphasis added.)

This admonition requires vacation of the sentence imposed under D.C.Code 1973, § 22–3202(a)(2) in the instant case. Although the trial court here (unlike the court in *Smith*) was careful to comply with the first clause of § 23–111(b) in asking appellant's name and whether he was the one previously convicted of the crime, he did not complete the section's requirements by warning appellant that if he had a challenge to the prior conviction to make, he must do so or lose it. This he was required to do.

During the sentencing proceeding, appellant made a somewhat inept attempt at challenging his prior conviction (apparently without realizing that such a right belonged to him) by stating:

> MR. SMITH: That instance where the U.S. Attorney is talking about this cooperation from my counselor that I had and he told me he said like the Government can get really what you did and all and what you face is life. So, since I—so I just went ahead and pleaded.

The charges in that prior action, which had culminated in appellant's entry of a plea of guilty, had included rape, burglary, assault with a deadly weapon and other offenses encompassed within a 21 count indictment. We need not pass on the inquiry of whether appellant could actually make out a case for challenging the prior conviction.[6] Instead we need only, and do,

decide that appellant should have been told that such an opportunity to do so was open to him in this proceeding and if he did not take advantage of it at that time, it would be thereafter foreclosed. Strict, not substantial compliance, is the rule *Smith v. United States, supra. See also Coleman v. United States,* D.C.App., 295 A.2d 896 (1972).

█ Appellant's remaining contention that he was not "directly apprised" prior to trial of the government's intention to seek additional punishment requires little comment. The notice requirement was met when the information was served upon defense counsel pursuant to the recidivist statute (*see* note 5, *supra*) at the May 11th status hearing. No claim is made that a defendant has an absolute right to be present at a status conference. *Cf. Fludd v. United States,* D.C.App., 336 A.2d 539 (1975). As to the claim that appellant's absence from this hearing (at the time when the government announced that it reserved the right to withdraw the information in case of disposal) deprived appellant of a meaningful right to participate in plea bargaining, we note that this record supports a conclusion that counsel fully advised his client. We would add that there is no absolute right to bargain. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The judgments of conviction are affirmed, the sentence imposed under D.C. Code 1973, § 22–3202(a)(2) is vacated, and this cause is remanded to the trial court for resentencing in accordance with this opinion.

*So ordered.*

---

6. At oral argument before this court, counsel, who was not trial counsel, represented that based upon his discussions with appellant, there is a basis for challenge.