STATE of Missouri,
Plaintiff-Respondent,

v.

Larry Max (Bo) BROWN,
Defendant-Appellant.

No. 14776.

Missouri Court of Appeals,
Southern District,
Division One.

May 7, 1987.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Frederick W. Martin, III, West Plains, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Larry Max (Bo) Brown, was jury-tried and convicted of three counts of the class C felony of sexual assault in the first degree, § 566.040, as amended. After a finding that Brown was a prior and persistent offender, due to two prior felony convictions for receiving stolen property, the trial court sentenced him to 15 years' imprisonment on each count, with the sentences to run concurrently.

The information charging the crimes, which were multiple acts of sexual intercourse with Brown's 15 year-old daughter, contained the following recitations relative to the prior and persistent offender allegations:

1. On September 7, 1982, defendant pleaded guilty to the felony of Burglary in the Second Degree in the Circuit Court of Oregon County, Missouri, Case No. CR582–29F, and

2. On September 7, 1982, defendant pleaded guilty to the felony of Burglary in the Second Degree in the Circuit Court of Oregon County, Missouri, Case No. CR582–30F.

At the close of the state's evidence, the prosecutor noted that Brown's prior pleas were to separate charges of the class C felonies of stolen property, rather than burglary in the second degree, and that the burglary allegations were typographical errors, but that the dates, case numbers, and name of the court where the pleas were granted were correct. She then asked to amend the information so that it would reflect that the two pleas were to charges of receiving stolen property, rather than burglary. The attorney for Brown made the following objection:

Judge, we would object to that if we're going to do the persistent offender determination at this point. I think the state has pleaded in the information that Mr. Brown was convicted of two different offenses of burglary in the second degree and I think the state should be held to what it has pleaded and I think it's improper at this point after the trial has already begun to allow the state to amend to reflect some different charge. So we would object to it.

The trial judge allowed the amendment.

At the hearing on the prior and persistent allegations, the certified copies of the two prior convictions of receiving stolen property were offered in evidence, over the renewed objection of Brown's attorney. Previously, Brown, during his direct examination and cross-examination, after he had testified as a witness in his own behalf, admitted the receiving stolen property

charges as well as prior convictions for grand larceny (now felony stealing) and disorderly conduct.

On appeal, Brown's only point relied on is that the trial court erred in allowing the amendment of the information to show that his prior convictions were for stolen property, rather than burglary as originally charged, and that he was prejudiced by such amendment because "his evidence that he had not previously been convicted of burglary in the second degree was not equally applicable after, as well as before, such amendment."

What Brown seems to be saying is that he was prejudiced because the amendment was untimely filed, but does not explain how he was prejudiced. Brown knew about the prior convictions, knew the two in question were for receiving stolen property, not burglary, and had this knowledge long before trial. The amendment did not relate to the charges on which Brown was standing trial, and could not possibly have had any bearing on the issue of his guilt or innocence on the sexual abuse charges. Under these circumstances, there could not be any prejudice to Brown that resulted from the allowance of the amendment. *State v. Jackson*, 627 S.W.2d 880, 882 (Mo. App.1981).

In an absence of a showing of prejudice, and none has been shown, it was not error for the trial court to allow the amendment in question. *State v. Tygart*, 673 S.W.2d 83, 86 (Mo.App.1984).

Judgment affirmed.

CROW, C.J., and PREWITT, J., concur.

HOLSTEIN, J., recused.