**Rodriquez HARMON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8701–CR–1.

Supreme Court of Indiana.

Feb. 4, 1988.

William F. Thomas, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Rodriques Harmon was found guilty following a trial in the Marion Superior Court, of the crime of Robbery, a class B felony, and also was found to be a Habitual Offender. The only issue raised in this direct appeal is that the trial court's judgment of conviction on the habitual offender count is contrary to law and Rodriquez was denied due process of law because of a material variance between the allegations in the information and the evidence at trial.

The habitual offender count was filed by the State on December 3, 1985, and charged that Harmon had been convicted of larceny from the person on October 30, 1980, in the criminal court of Shelby County, Tennessee, and delivery of controlled substance on January 29, 1985, in the circuit court of Cook County, Illinois. There was no objection to the latter charge. Defense counsel objected on relevancy grounds when the State offered Exhibits No. 6 and 7. These were certified copies of the Tennessee State Prison records which tended to show Harmon entered a plea of guilty to the crime of larceny from the person on September 15, 1980, rather than October 30, 1980. The documents also demonstrated that a Mittimus Writ of Confinement was issued on the third Monday of September, 1980, and that these documents were certified by the Shelby County criminal court clerk on October 30, 1980. Harmon testified he entered a plea of guilty and was sentenced on September 15, 1980 to the crime of larceny from the person in the Tennessee court.

■ Harmon claims the variance between the dates in the information and those proven by the State's exhibits were material and fatal variances which require reversal of his conviction. We disagree. Harmon is correct that the habitual offender allegations must be charged in the same manner as a criminal offense. *Sears v. State* (1983), Ind., 456 N.E.2d 390, 393. Further, it is true that allegations of habitual criminal status must contain all the procedural matters and safeguards of the original and underlying charges, and set out facts sufficient and adequate for a defendant to defend himself and give him an opportunity to plead to such allegations. *Griffin v. State* (1982), Ind., 439 N.E.2d 160, 165.

■ The variance here is not shown to conflict with the holdings in either *Griffin* or *Sears*. The information charged commission of this crime on or about September 15, 1980. The only objection Harmon

made when the State offered exhibits 6 and 7 was that exhibit 6 was irrelevant because of the variance. However, Harmon himself testified he was convicted and sentenced for that crime in that court on September 15, 1980, and did not recall any sentencing on October 30, 1980. There is no showing Harmon was misled in any way by the variance in the information nor did he make such claim at trial. In *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, 1090, this court held that a variance between the habitual charge which indicated the prior felony was robbery and the evidence showing it was armed robbery was immaterial, and all the other information such as cause numbers, dates, and courts, were identical. There was no way the defendant was misled in the preparation of his defense. In *Goodwin v. State* (1982), Ind., 439 N.E.2d 595 the appellant contended there was a material variance because although the habitual charge alleged a felony conviction on October 20, 1977, the exhibits offered by the State proved only an undated conviction by order book entry. However, the commitment to jail for confinement was dated October 20, 1977. We held there:

> The exhibits clearly evidence a conviction occurring shortly before the commitment order was signed on October 20, 1977 but do not show a specific date for that conviction. The evidence is at variance with the allegation in the charge, but given the presence of the other identifying characteristics of the particular instance of conviction, the variance was not material. As before, appellant was not misled in his defense of the allegation of this variance.

*Id.* at 602.

Thus, while there are some small variances between the informations and other documents used to prove Harmon's habitual offender status, they do not rise to the level of being either material or fatal to the State's case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.