Larry KEY, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 90–108.

District of Columbia Court of Appeals.

Argued Dec. 4, 1990.
Decided March 12, 1991.

Gary L. Segal, appointed by this court, for appellant.

Corbin A. Weiss, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher and Rupert Barry, Asst. U.S. Attys., were on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

Appellant, Larry Key, Jr., was convicted of carrying a pistol without a license, D.C. Code § 22–3204(a) (1989 Repl.); possession of an unregistered firearm, D.C.Code § 6–2311(a) (1989 Repl.); and unlawful possession of ammunition, D.C.Code § 6–2361(3) (1989 Repl.). He was sentenced to three to nine years for the offense of carrying a pistol without a license, and to one year for each of the other two offenses. The one year sentences were to run concurrently to each other and consecutively to the three-to-nine year sentence.

On appeal, Mr. Key contends that the trial court erred in permitting the government to untimely file information of his previous convictions which resulted in an enhanced sentence of three to nine years for carrying a pistol without a license. Additionally, he argues that the court erred in denying his motion for judgment of acquittal because of the failure of the government to show that the pistol was operable,

and that the trial court improperly allowed the government to argue on rebuttal that appellant used and distributed "crack" cocaine on the night of the crime. We reject his arguments as to sufficiency of evidence and improper rebuttal and affirm all three convictions. However, we accept his first contention of improper sentencing and remand for resentencing without enhancement on the conviction of carrying a pistol without a license.

After the jury was impaneled, but before the jurors were sworn in, counsel for the prosecution requested a recess for lunch. The court granted the request. At this time the prosecutor requested permission from the court to file with the clerk enhanced penalty papers pursuant to D.C. Code § 23–111(a) (1989 Repl.), which sets out procedures for such sentences. The court permitted the filing over defense counsel's objection that did not allude to specific prejudice.

During trial, the prosecution called an eyewitness who identified the pistol. There was also testimony from the officer who discovered the gun, the officer who impounded the gun and placed it in the evidence locker, and the officer who test fired the gun on the morning of the trial. Another officer had previously conducted a test firing but did not appear.

On direct and cross-examination, the eyewitness also testified that she and appellant smoked crack cocaine several times during the evening. During cross-examination, she stated that appellant supplied the cocaine. In its rebuttal closing, over appellant's objections, the government referred to this testimony, commenting on the possible effects of cocaine on appellant's perceptions.

I

■ Appellant contends that his sentence was improperly enhanced because the government did not timely file the necessary information of his prior convictions. Upon the specific facts of this case, we agree.

The provision for enhanced sentencing requires the United States Attorney or Cor-poration Counsel to file information of prior convictions with the clerk of the court and serve a copy of such information on the defendant or his counsel, *"prior to trial or before entry of a plea of guilty."* D.C.Code § 23–111(a)(1) (1989 Repl.). We have construed the phrase *"prior to trial"* to mean a time *"before* the process of impaneling the jury has begun." *Willingham v. United States*, 467 A.2d 742, 744 (D.C.1983); *Arnold v. United States*, 443 A.2d 1318, 1327 (D.C.1982). It is clear from the record, and the government concedes, that in the case at bar, filing was untimely. The jury had been selected, although it had not yet been sworn in, when the government informed the court that it intended to file enhancement information of appellant's prior convictions.

Because of the harsh consequences of enhanced sentencing, we require strict compliance with the code provisions. *See Boswell v. United States*, 511 A.2d 29, 31 (D.C.1986); *Robinson v. United States*, 454 A.2d 810, 812 (D.C.1982); *Fields v. United States*, 396 A.2d 990 (D.C.1979). However, we have held that where the purpose of the statute is satisfied, an untimely filing is not reversible error. *See Arnold, supra*, 443 A.2d at 1328. The government argues that because appellant suffered no prejudice, any error caused by the untimely filing was harmless. We look to the purpose of § 23–111 to determine whether on the facts of the instant case that purpose was satisfied.

In drafting the statute, Congress was principally concerned with providing an accused with sufficient notice to fulfill the requirement of the Fifth and Sixth Amendments of the Constitution that he had the right to be informed before trial of the nature of the charges against him. *See* S.Rep. No. 91–538, 91st Cong., 1st Sess. 11–12 (1969); Bill No. S.2869. Thus, in *Arnold*, this court stated that the reasons for the pretrial filing requirement are two-fold: (1) to give the defendant notice so that he may make an informed decision whether to proceed with trial or plead guilty, and (2) to "avoid the 'unfairness' of increasing the potential punishment after

the trial has begun." *Arnold, supra,* 443 A.2d at 1326.

In the instant case, the government argues that it gave notice to appellant before informing the court that it intended to file enhancement information, thereby satisfying the statutory requirement of reasonable notice to make an informed decision as articulated in *Arnold. Id.* at 1328. We find that *Arnold* is inapposite to the case at bar. In *Arnold,* the record clearly established that the appellant had notice of the government's intent to file enhancement information four months prior to trial.

By contrast, the record in the instant case is highly ambiguous and there is no evidence establishing when appellant, or his counsel, received notice. Moreover, it can be inferred from the record that notice to appellant was given almost simultaneously with notice to the court. Consequently, appellant did not have an "adequate opportunity to determine whether to plead guilty or proceed to trial." *Id.* Because the government, as the proponent of the harmless error principle, bears the burden of sustaining proof where there is ambiguity in the record, we cannot conclude on this record that appellant did have sufficient notice to satisfy the purpose of the statute.

Secondly, the government argues that appellant did not suffer prejudice because he was charged with two other felonious counts that exposed him to substantial prison sentences and because appellant's counsel did not claim prejudice at trial. Questions raised for the first time on appeal may be decided at the reviewing court's discretion. *In re W.E.P.,* 318 A.2d 286, 289 (D.C.1974). Moreover, although appellant's counsel did not allege prejudice at trial, he clearly objected to the late filing of the enhancement information. Looking at the actual prejudice suffered, we are not persuaded by the government's suggestion that appellant had sufficient incentive to plead guilty, if he desired, from the two felony counts charged in the indictment. Appellant might have reasoned that he could defend successfully against those counts (as he in fact did), risking conviction only for the misdemeanor weapons counts charged. But timely knowledge that he faced dramatically enhanced punishment for the charge of carrying a pistol without a license alone might have altered that strategy. We cannot say. It is the government that must negate prejudice, however, and we are not satisfied that it has met that burden. Vacation of the sentence is therefore necessary. *Robinson v. United States, supra,* 454 A.2d at 812; *Fields v. United States, supra,* 396 A.2d at 990; *Smith v. United States,* 304 A.2d 28, 34 (D.C.), *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973). Although we affirm the conviction for possession of a pistol without a license, we remand to the trial court to vacate the enhancement provision and for resentencing.

## II

Appellant next challenges the court's denial of his motion for judgment of acquittal for insufficient evidence. He argues that proof of the pistol's operability is necessary for a conviction and that a break in the chain of custody calls such proof into question. *See Morrison v. United States,* 417 A.2d 409, 412 (D.C.1980); *Rouse v. United States,* 402 A.2d 1218, 1221 (D.C.1979).

 Operability may be shown by all of the direct and circumstantial evidence presented and evidence of a break in the chain of custody affects only the weight to be given to that evidence by the factfinder. *Bartley v. United States,* 530 A.2d 692, 697–98 (D.C.1987); *Morrison, supra,* 417 A.2d at 412–13. In the instant case, eyewitness testimony, as well as the testimony of the police officers that the gun was fully loaded with live ammunition when recovered, established the pistol's operability. Our decision on appellant's motion for judgment of acquittal requires us to review the evidence in the light most favorable to the government. Under this standard, we affirm the trial court's decision that a reasonable juror had sufficient evidence to conclude appellant's guilt beyond a reasonable doubt. *Brown v. United States,* 546 A.2d 390, 393–94 (D.C.1988).

## III

Finally, appellant argues that there was reversible error when the court allowed the government to speculate that appellant's perceptions were affected by smoking crack on the evening of the offense. Appellant concedes that the evidence showing that he and others smoked crack on the night of the crime was "sufficiently intertwined" with the events constituting the offense to be admissible under *Toliver v. United States*, 468 A.2d 958, 960–961 n. 5 (D.C.1983). His contention that it was improperly used to establish his propensity to commit the crime is without merit. Here, appellant's counsel, during cross-examination and in closing argument, questioned the credibility of the government witness because she had been smoking crack at the time in question. The government's brief comment in rebuttal was that the effects of smoking crack would apply to all who indulged, including appellant. We do not find that the court improperly allowed the government's rebuttal argument. However, if the government's references constituted error, it was harmless. Certainly, any error was mitigated by the court's final instructions.[1] Reviewing all the evidence, we find that not only was the judgment not "substantially swayed by the error," but that appellant was not prejudiced. *See Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

Accordingly, the judgments of conviction on appeal are affirmed, but we remand for resentencing without enhancement on the conviction of carrying a pistol without a license.

*So ordered.*

---

1. The trial court gave Criminal Jury Instruction No. 2.05, Statements of Counsel, and No. 2.49, Evidence of Other Conduct By The Defendant Which May Be Criminal (to show the surrounding circumstances of the offense for which he is now on trial). Criminal Jury Instructions for the District of Columbia (3d ed. 1978).