**Darryl LOGAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Frederick BURGESS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 89–747, 89–1152.**

District of Columbia Court of Appeals.

Submitted Jan. 16, 1991.
Decided May 21, 1991.

implies that he does not have custody.

Marvin Clemons, Providence, R.I., was on the brief for appellant Burgess.

Andrew Delehanty, Washington, D.C., was on the brief for appellant Logan.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, N. Paul Patterson, Helen M. Bollwerk, Glenn F. Ivey, and Roy W. McLeese, III, Asst. U.S. Attys., Washington, D.C., were on the briefs for appellee.

Before ROGERS, Chief Judge, and STEADMAN, Associate Judge, and MACK, Senior Judge.

ROGERS, Chief Judge:

 Appellants appeal from their convictions by a jury of distribution of cocaine and possession with intent to distribute cocaine, in violation of D.C.Code § 33–541(a)(1) (1988). Only appellant Burgess' claim that the sentencing judge failed to comply with the requirements of D.C. Code § 23–111 (1989) requires discussion.[1]

Burgess contends that the sentencing judge failed to follow the proper procedures for enhancing sentence, because the prosecutor filed an information which incorrectly listed the court in which one of the alleged prior convictions had been obtained. Hence, the question, an issue of first impression in this court, is whether such an error renders notice under the governing statute invalid.

I

D.C.Code § 23–111 (1989), provides, in pertinent part:

(a)(1) No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial ... the United States attorney ... files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon.... Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

The government filed an information which listed two past offenses allegedly commit-

1. Appellants' contention that there was insufficient evidence to convict them is meritless. The eyewitness testimony of the police officer who made the undercover drug purchase demonstrated that Logan and Burgess were working together to distribute drugs. See McClain v. United States, 460 A.2d 562, 567 (D.C.1983); United States v. Hubbard, 429 A.2d 1334, 1337 (D.C.), cert. denied, 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1981); see also Chambers v. United States, 564 A.2d 26, 30 (D.C.1989).

Appellant Logan's contention that the trial judge prejudiced the jury by making remarks that were demeaning to defense counsel is also without merit. Only three of the seven contested remarks were actually uttered in front of the jury. See Khaalis v. United States, 408 A.2d 313, 351 (D.C.1979), cert. denied, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980). The three remarks in the jury's presence are interspersed throughout a transcript of over four hundred pages. No harsh language was used, and the comments appear to reflect no more than the trial judge's desire to avoid unnecessary delay. None of the comments indicated that the judge had a negative view of the merits of the case. See Oesby v. United States, 398 A.2d 1, 10 (D.C. 1977); see also Rosenberg v. United States, 66 A.2d 489, 491 (D.C.1949).

ted by appellant Burgess. One conviction in 1986 was for possession with intent to distribute cocaine. A second conviction in 1982 was for possession of a controlled substance, which the information indicated was a conviction in the Superior Court of the District of Columbia.

Burgess filed a written response contesting both charges. He demonstrated to the satisfaction of the trial judge that the distribution charge had been vacated. At sentencing, the government produced a certified copy of the second conviction, which indicated that it had been obtained in the United States District Court for the District of Columbia. Burgess maintained, however, that the misstatement of the court of conviction denied him the notice required by § 23–111, arguing that the two convictions—in the Superior Court and in the United States District Court for the District of Columbia—were two separate offenses.

The trial judge, after affording the parties an opportunity to brief the issue, ruled that Burgess had received sufficient notice under § 23–111 by way of the date, case number and offense so that the drug possession conviction could be used as a basis for enhanced sentencing. The judge also conducted a voir dire of Burgess regarding the 1982 conviction and Burgess admitted the existence of the conviction, indicating that it had arisen from a guilty plea and that no legal challenges were pending to the conviction. Burgess further acknowledged that he understood that the existence of the conviction meant the judge could enhance his sentence.

## II

On appeal Burgess' principal contention centers on the fact that the court has held that "[s]trict, not substantial compliance, is the rule" in evaluating compliance with § 23–111. *(Robert) Smith v. United*

*States*, 356 A.2d 650, 652 (D.C.1976). He maintains that factual allegations in the information must be subject to proof by the government or admission by the defendant and that the trial judge failed to inquire whether he affirmed or denied the possession conviction.

The court has repeatedly interpreted the statute to require strict assurance of the defendant's substantive rights. *See, e.g., Boswell v. United States*, 511 A.2d 29, 31 (D.C.1986); *Fields v. United States*, 396 A.2d 990, 991 n. 1 (D.C.1979). Thus, the judge must afford the defendant the opportunity to affirm or deny any alleged past convictions and inform the defendant that the failure to challenge a past conviction prior to sentencing will result in the waiver of any right to such a challenge in the future. D.C.Code § 23–111(b).

In *Arnold v. United States*, 443 A.2d 1318 (D.C.1982), the court explained that:

> The purpose of the statute is twofold: (1) to give notice to the defendant so that he may reasonably assess whether to plead guilty or proceed to trial, and (2) to avoid the "unfairness" of increasing the potential punishment after the trial has begun.

*Id.* at 1326.[2] With this dual purpose in mind, the court has ordered resentencing when either of the statutory purposes has gone unfulfilled. *See, e.g., Key v. United States*, No. 90–108, 587 A.2d 1072 (D.C. 1991) (late notice denied defendant opportunity to consider whether to plead guilty); *Fields, supra* (defendant not informed of the risk of waiver); *(Robert) Smith, supra* (same); *(Ernestine) Smith v. United States*, 304 A.2d 28 (D.C.), *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973) (defendant not provided the opportunity to affirm or deny the convictions in the information); *see also United States v. Bolden*, 169 U.S.App.D.C. 60, 514 F.2d 1301, 1313 (1975) (same).

---

**2.** The court noted, further, that the first purpose "seems to have been of ultimate concern to the Congress," and that "taking account of the strong legislative intent to provide a 'new safeguard' to criminal defendants who may be subjected to increased, recidivist penalties following conviction ... informations seeking en-

hanced penalties must be filed *before* the process of selecting a jury has started in order to comply with the requirement of filing such informations 'prior to trial' as called for by D.C. Code § 23–111(a)(1)." *Arnold, supra,* 443 A.2d at 1326 (emphasis in original).

By contrast, where the court has concluded that the purposes of the statute were fulfilled, notwithstanding technical violations, resentencing has not been required. Thus, in *Arnold, supra*, 443 A.2d 1318, the government filed its enhancement papers after the jury had been empaneled, but before the jury had been sworn. Although the court interpreted the statute to require that filing occur before jury selection begins, it concluded that the late filing was harmless because the defendant had, in fact, received clear notice of the government's intention to seek an enhanced sentence. 443 A.2d at 1328 (citing *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). The court made clear that the touchstone of its analysis was fulfillment of "the overriding statutory purpose of providing a defendant 'notice' of the possibility of enhanced punishment." *Id.* Since the government had filed the informations seeking enhanced penalties prior to the swearing of the jury, the court concluded that the defendant had been "fully aware of the government's intention to file informations seeking enhanced punishment, thus allowing him an adequate opportunity to determine whether to plead guilty or proceed to trial." *Id.* at 1328; *see also Irby v. United States*, 585 A.2d 759, 766 n. 11 (D.C.1991) (enhancement information based on murder and housebreaking, where only housebreaking was a proper basis for enhancement, was a harmless technical error, since defendant had clear notice of government's intent to seek enhancement, and the amount of possible enhancement was the same in either case); D.C.Code § 23–111(a)(1) (clerical mistakes may be corrected "at any time" prior to sentencing); D.C.Code § 23–111(c)(1) (failure to include in the information complete criminal record of the person or any facts in addition to the convictions to be relied upon does not invalidate the notice required under subsection (a)(1)). Numerous state courts have interpreted similar enhancement statutes under a harmless error standard, so that where a defendant receives clear notice of a previous conviction, a misstatement as to a single piece of information, such as the date of a conviction or the county in which a conviction was imposed, is deemed harmless.[3]

■ The information alleging Burgess' prior convictions was filed before the jury was empaneled. Hence, he had timely notice of the government's intention to seek enhanced sentencing. The adequacy of notice is clear from his successful challenge of the 1986 conviction and his challenge to the 1982 conviction based on the error regarding the court of conviction. The information correctly stated the date, geographic jurisdiction, case number and nature of the offense. Before sentencing, the government produced a certified copy of the 1982 conviction in federal court. Burgess neither denied the existence of the conviction nor that he had been convicted of the offense charged. He makes no claim that the misstatement affected his ability to decide how he would proceed in his defense. His claims that the information referred to one offense and the federal court conviction to another offense and that the trial judge failed to make an adequate inquiry of him are meritless. *See Boswell, supra*, 511 A.2d at 31–32.

Accordingly, we hold that the misstatement of the court of conviction was harmless error and the judgment of conviction is affirmed.

MACK, Senior Judge, concurring in part and dissenting in part:

With respect to appellant Burgess, I cannot agree that a misstatement of the court of conviction in an information filed pursu-

---

**3.** *See, e.g., Haymaker v. State*, 528 N.E.2d 83, 86 (Ind.1988); *Harmon v. State*, 518 N.E.2d 797, 798–99 (Ind.1988); *Starks v. State*, 517 N.E.2d 46, 53 (Ind.1987); *State v. Brown*, 729 S.W.2d 224, 225–26 (Mo.Ct.App.1987); *State v. Wakeman*, 231 Neb. 66, 73–75, 434 N.W.2d 549, 555–56 (Neb.1989); *State v. Oliver*, 230 Neb. 864, 866–70, 434 N.W.2d 293, 296–97 (Neb.1989); *Babbs v. State*, 739 S.W.2d 646, 649–50 (Tex.App. 1987); *Brown v. State*, 692 S.W.2d 146, 149–50 (Tex.App.1985), *aff'd*, 757 S.W.2d 739 (Tex.Crim. App.1988) (en banc); *Lopez v. State*, 654 S.W.2d 521, 523–24 (Tex.App.1983); *Cole v. State*, 611 S.W.2d 79, 80–82 (Tex.Crim.App.1981); *State v. Masters*, 373 S.E.2d 173, 176–77 (W.Va.1988).

ant to D.C.Code § 23–111 (1989 Repl.), can be "harmless error."[1]

We appear to be in complete accord with the principle that, in this jurisdiction, *strict* compliance by the government and the sentencing courts with the enhanced sentencing provisions of § 23–111 is required. *See Boswell v. United States*, 511 A.2d 29, 31 (D.C.1986), and cases cited therein. Thus, we have consistently vacated enhanced sentences, and remanded for resentencing, where there has been a failure on the part of the trial court to follow the mandatory language of § 23–111(b) in informing, inquiring of, and warning the defendant. *See Arnold v. United States*, 443 A.2d 1318, 1320 (D.C.1982); *Fields v. United States*, 396 A.2d 990, 991 (D.C.1979); *(Robert) Smith v. United States*, 356 A.2d 650, 652 (D.C.1976); *(Ernestine) Smith v. United States*, 304 A.2d 28, 34 (D.C.), *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973).

With respect to the statute's mandate that no enhanced punishment may be imposed unless the prosecutor has filed (and served a copy of) *an information stating in writing the previous convictions to be relied upon* prior to trial (*see* § 23–111), we have held that "prior to trial" means prior to the "start of the empaneling of the jury." *Arnold v. United States, supra*, 443 A.2d at 1327. In that case we reasoned that the two-fold purpose of the statute was to (1) give notice to the defendant so that he may reasonably assess whether to plead guilty or go to trial, and (2) to avoid the unfairness of increasing the potential punishment after the trial had begun. *Id.* at 1326. We held that the failure of the prosecutor to timely file the information was "harmless error" because the record showed that the appellant had notice of the government's intent for more than four months prior to trial (thus meeting the first prong of the statute's purpose) and because the trial court in sentencing did

---

**1.** Pertinent sections of D.C.Code § 23–111 (1989 Repl.) read as follows:

Section 23–111(a)(1) provides:

(a)(1) No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney or the Corporation Counsel, as the case may be, files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon. Upon a showing by the Government that facts regarding previous convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

Section 23–111(b):

(b) If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Section 23–111(c)(1) provides:

(c)(1) If the person denies any allegation of the information of previous conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the Government to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the prosecuting authority shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

Section 23–111(d)(2) provides:

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the prosecutor, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by law. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

not rely on this information in any event. *Id.* at 1328. We nevertheless remanded for resentencing on one count for the trial court's failure to properly inquire and inform. *Id.* at 1320, 1328. In *Key v. United States*, 587 A.2d 1072 (D.C.1991), faced with an ambiguous record, we rejected the government's argument of "harmless error" in purported reliance on *Arnold*, and ordered the vacation of an enhanced sentence, noting that the government had not met its burden of negating prejudice.

In the instant case, we do not have an issue of timely filing of an information; we have an issue of a defective information. The mistake in the information was neither a "clerical" one nor a "technical" one. The government filed a certified copy of an information on May 10, 1989, (one day prior to the date set for trial) listing *inter alia* a 1982 conviction in the Superior Court that was non-existent in that court). On June 22, 1989, defense counsel filed a response denying all allegations. On August 14, 1989, in preparation for after-trial sentencing on August 29, 1989, the government, at the request of the court, filed a memorandum conceding that the validity of enhanced sentencing turned upon the validity of the 1982 conviction (which in fact was a conviction in the federal court) since another 1986 conviction in the Superior Court has been reversed on appeal. The government argued, however, that it had no obligation to provide the name of the correct court[2] and that the mistake was a clerical one in any event. In sentencing, the trial court amended the information verbally in its personal inquiry to Mr. Burgess and obtained an admission as to the entry of a plea in the federal court.

Under these circumstances, I cannot agree that the failure of the prosecutor to file and serve valid notice was harmless error. Measured by the test of *Arnold*, neither of the twofold purposes of the statute were honored. It is difficult to understand how notice of a non-existent conviction in the Superior Court could make it possible for defense counsel, or the defendant, to "reasonably assess" the defendant's best interest in deciding whether to plead guilty or go to trial, and it would be an under-assessment to suggest that the defendant, after having denied the conviction and after having gone to trial, must have been surprised by the increased potential for punishment. The fact that the defendant might have been aware of another conviction in another court was irrelevant under § 23–111. The argument of "awareness" was rejected by the Senate when it took precautions to assure that the possibility of increased punishment was brought to the defendant's attention by requiring that enhanced penalty papers be filed separately with the court prior to trial. *See Arnold, supra,* 443 A.2d at 1324–25. There is no obligation on the part of a defendant to come forward with information that is incriminating. The prejudice to the defendant here is obvious and is only exacerbated by the trial court's action in eliciting an admission from the defendant as to a previous conviction not "alleged in the information" at the time of sentencing. *See* D.C. Code § 23–111(b) (1989 Repl.).

Under the statutory scheme of § 23–111, the burden is on the government to give the required notice. Under our case law, the burden is on the government to negate prejudice flowing from its failure to do so. *See Key, supra,* (D.C.1991). Certainly, with so much at stake for the defendant, it is not asking too much of the government to file a valid notice. Indeed, the statute, contemplating that in some cases a prosecutor, after due diligence, might not be able to complete a defendant's criminal record, specifically provides for a continuance for such purpose (§ 23–111(a)). And although the statute does not require that every conviction be certified, (*see* § 23–111(c)(1)) it does require that every certified conviction be substantively accurate (*see* § 23–111(d)(2)). To hold otherwise would be to defeat the purpose of the statute.

2. The transcript at sentencing raises a question as to whether the case number was misleading since the federal and local courts have similar numbers.

I would remand the Burgess case for resentencing.