James E. PARKER, Appellant,

v.

UNITED STATES, Appellee.

No. 92–CF–1550.

District of Columbia Court of Appeals.

Submitted Jan. 12, 1995.
Decided Feb. 9, 1995.

Irwin A. Goldberg, appointed by this court, Upper Marlboro, MD, was on the brief, for appellant.

Eric H. Holder, Jr., U.S. Atty., with whom John R. Fisher, Roy W. McLeese, III, Peter R. Zeidenberg, and Margaret M. Lawton, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before WAGNER, Chief Judge, and STEADMAN and KING, Associate Judges.

WAGNER, Chief Judge:

Appellant was charged with one count of distribution of a controlled substance (cocaine) (D.C.Code § 33–541(a)(1) (1993 Repl.)) and one count of unlawful possession of a controlled substance (heroin) with intent to distribute (PWID) (D.C.Code § 33–541(a)(1) (1993 Repl.)). Following a jury trial, appellant was found guilty of PWID, but not guilty of the distribution offense. Appellant argues for reversal on the grounds that (1) the evidence was insufficient to convict him and (2) the trial court erred in denying his motion for new trial where it had improperly denied his request for the jury to view certain evidence. He also contends that the trial court erred in enhancing his sentence. We affirm.

## I.

Sergeant Moses Vines testified that on April 18, 1991, he and Officers Jewel and Watkins were making observations from an unmarked police car in the area of Second, L, M, and K Streets, S.E. Around 7:30 p.m., while there was still daylight, he saw a white male, later identified as Donald Machado, Jr., approach appellant and walk with him to a gray automobile. Appellant got into the front seat, and Mr. Machado got into the back passenger side. Sergeant Vines testified that he saw appellant bend forward out of sight, straighten up, and hand small white packages to Mr. Machado, who gave appellant money in exchange. According to Sergeant Vines, Mr. Machado appeared to "pluck" the packages as if inspecting them. Sergeant Vines testified that he was approximately 50 to 100 yards from the automobile at the time, but he was using binoculars which made it appear like 15 to 20 feet.

He testified that he radioed for the arrest team which arrived less than a minute later. According to Sergeant Vines, Detective Byron Wallace apprehended Mr. Machado after he left the car. Sergeant Vines stated that he arrived at the car about one minute after the arrest team, and Detective Wallace handed him four small white bags of a substance which field tested positive for heroin. Sergeant Vines testified that he then searched the front passenger area of the car on the floor board and found 14 additional bags, eight bags of a brown-white substance and six of a white substance. Sergeant Vines testified that the carpet was loose, and he moved the material from the wall by the floor board and found the drugs. Subsequently, he testified that when he lifted the portion of the bottom of the floor panel, the drugs, which were later determined by chemical analysis to be heroin, fell to the floor of the vehicle.

Detective Wallace testified that he observed a white male, later identified as Mr. Machado, get out of the car and throw some white packets on the ground. Detective Wallace also testified that he arrested appellant

and recovered $40 in currency from his hand. Investigator Lennie Mitchell testified that he observed Detective Wallace seize the money which Wallace then gave to him. Investigator Mitchell testified that he also searched appellant and recovered $30 from him.

Officer Charles Culver, an expert witness on the use, sale and trafficking of narcotics, testified that the amount of cocaine and heroin recovered was a usable amount, and that the packaging of the drugs was consistent with the type used for street sales and distribution.

Donald Machado, Jr. testified that he went to the area where the police arrested him to buy drugs and that he met someone willing to sell them. He recounted that he and the drug seller went to a nearby car where he got into the back seat while the drug seller got into the front seat. Mr. Machado stated that the drugs cost about $30 to $40. According to Mr. Machado, he "checked out" the drugs, to insure their quality, before leaving the car and heading for the nearest Metro. A car came speeding toward him, and Machado threw his drugs into the grass before he was arrested. He testified that he entered a plea of guilty to one count of possession of heroin and received a one-year suspended sentence and 18 months probation. Mr. Machado did not identify appellant at trial, but he testified that he was certain that the police had arrested the man who sold him the drugs that night.

Mr. Raymond Parker, appellant's brother, testified that his mother had owned the car in which appellant was arrested for 14 years. According to Parker, he had attempted to move the right panel on the floor board of the car on numerous occasions, that it is difficult to move, that it can only be moved a half inch, but it springs right back. He testified that the panel on the car now is the same one which was there in April 1991. Appellant also testified that he had attempted to move the right front panel on the passenger side and that it was very difficult to move. After appellant's testimony, the trial court denied appellant's motion to have the jurors view the car. A photograph of the interior of the vehicle was admitted in evidence.

## II.

■ Appellant argues that the evidence was insufficient to convict him. Specifically, he contends that Sergeant Vines' testimony was not credible and uncorroborated. Viewing the evidence in the light most favorable to the government and recognizing the province of the finder of fact to weigh the evidence, determine the credibility of witnesses, and to draw reasonable inferences from the testimony, we conclude that the evidence was adequate to support the conviction. *Leonard v. United States*, 602 A.2d 1112, 1114 (D.C. 1992) (citations omitted); *In re A.B.*, 556 A.2d 645, 649 n. 8 (D.C.1989). Any inconsistencies in Sergeant Vine's testimony or between his testimony and that of any other witness was for the jury to resolve, and a reasonable jury could find appellant guilty beyond a reasonable doubt on the evidence presented. *See Payne v. United States*, 516 A.2d 484, 495 (D.C.1986).

## III.

■ Appellant also argues that the trial court erred in denying his motion for a new trial which was based upon the denial at trial of his request for a jury view of the vehicle from which the drugs were retrieved. Appellant had contended at trial that since the panel of the car was difficult to move, it was unlikely that drugs could have been stored behind it. He had also argued that a reconstruction of appellant's position when he was alleged to have retrieved the drugs for Mr. Machado would have revealed for the jury the difficulty of removing the panel. In denying appellant's request at trial, the trial court was persuaded that a view would not be probative, given the 18 months which had elapsed since the offense, the inability to duplicate the circumstances as they existed at the time, and the court's observation that the panel could be moved easily now.[1] In denying appellant's motion for new trial, the

---

1. Prior to ruling, the trial court in the presence of counsel for both sides, had itself viewed the car, handled the panel in question, and found that it could be easily moved with very little resistance.

trial court elaborated on the reasons previously given for its ruling. It remarked again that in the lengthy interval between the offense and the trial, the car had been used by a number of people and that its condition was not the same. The court considered that any possible probative value was outweighed by the confusing nature of the proposed view.[2] The court also noted that appellant had been acquitted of the distribution offense, which defense counsel expected the proposed demonstration to refute primarily.

Absent a clear abuse of discretion, this court will not reverse the trial court's order denying a new trial. *Derrington v. United States,* 488 A.2d 1314, 1339 (D.C. 1985), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1988). The trial court has broad discretion in ruling on a motion for a jury viewing. *Minor v. United States,* 294 A.2d 171, 173 (D.C.1972). Its decision will not be reversed "unless the record reveals a foundation was laid demonstrating that a viewing of the scene was essential to an understanding of the main thrust of the defense." *Id.* That showing was not made here, and appellant does not so contend. Moreover, the trial court was well within its discretion in concluding that a view of the vehicle would serve no useful purpose where so much time had elapsed between the event and the trial during which many people had control of it and where the defense conceded that the panel could be moved, albeit with some difficulty. The trial court balanced the pertinent considerations in determining whether the ends of justice required a view of the vehicle. We find no abuse of discretion in its ruling on the motion to view nor error in its denial of the motion for new trial. *See id.* at 174.

## IV.

Finally, appellant argues that the trial court erred in allowing the government to amend the information supporting an en-

hanced sentence. Prior to trial, the government filed an information purporting to list appellant's previous convictions. However, it reflected erroneously the date of appellant's prior conviction for possession of cocaine as July 16, 1991 rather than July 16, 1986.[3] It also listed an incorrect misdemeanor case number for appellant's prior conviction for distribution of heroin, a felony. The information did contain the correct charge and court for each of these convictions and the correct case number for the offense of possession of cocaine. Prior to sentencing, the government filed a motion to amend the information to correct these errors. The trial court granted the government's motion, concluding that, in spite of the errors contained in the information, appellant had received adequate notice of the prior convictions to allow him an opportunity to determine whether to plead guilty or to proceed to trial. *See Logan v. United States,* 591 A.2d 850, 853 (D.C.1991).

Before an offender may be sentenced to increased punishment for one or more previous convictions, the government must

file[ ] an information with the clerk of the court, and serve[ ] a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon.... Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

D.C.Code § 23–111(a)(1) (1989 Repl.). The information must be filed prior to trial or before the entry of a plea of guilty. *Id.; Arnold v. United States,* 443 A.2d 1318, 1327–28 (D.C.1982). The purpose of the statute is

(1) to give notice to the defendant so that he may reasonably assess whether to plead guilty or proceed to trial, and (2) to avoid

---

**2.** Apparently, defense counsel sought not just a view, but rather to have the circumstances reconstructed to duplicate as closely as possible the observations that the police officer testified that he made during the drug transaction. The court also expressed concern over the difficulty of arranging for the search of the vehicle prior to any

view and for appellant's presence without him having to be in shackles.

**3.** Appellant did not challenge in any respect the third offense listed, a conviction for possession of heroin, also on July 16, 1986.

the "unfairness" of increasing the potential punishment after the trial has begun.

*Id.* at 1326; *accord, Logan, supra,* 591 A.2d at 852. The statute is construed "to require strict assurance of the defendant's substantive rights." *Id.* However, where the purpose of the statute is fulfilled, the misstatement of a single piece of information, such as the date of conviction or the court of conviction may be deemed harmless. *Id.* at 853.

In *Logan,* appellant Frederick Burgess contended that the government's misstatement of the court of conviction in the information deprived him of the notice required by D.C.Code § 23–111 in spite of the listing of the correct date, geographic jurisdiction, case number, and nature of the offense. *Id.* 591 A.2d at 852–53. We held the misstatement to be harmless error where the information was filed prior to the impaneling of the jury, the adequacy of the notice was clear from the record, Burgess made no claim that the error affected adversely his ability to decide how to proceed, and he did not deny that he had been convicted of the offenses. *Id.; see Norman v. United States,* 623 A.2d 1165, 1169 (D.C.1993).

 Similarly, in this case, it is clear that the overriding statutory purpose was fulfilled and that any misstatement in the information was harmless. Prior to impaneling the jury, the government filed the information outlining appellant's three prior drug convictions. At the same time, the trial court explained to appellant that these convictions could be used for impeachment purposes if he decided to take the stand at trial. Indeed, during his trial testimony, appellant testified on direct examination that he had been convicted of the three prior drug offenses. Appellant does not contend here that he was not convicted of these offenses nor that he would have proceeded differently if the errors had not been made in the date of one offense and docket number for the other. *See Logan, supra,* 591 A.2d at 853. Appellant received clear notice of the government's reliance on his conviction of the offense of possession of cocaine in spite of the year being misstated. He had the correct listing of the case number, the offense, the court and the month and day of the month. While the year of the

offense was listed as 1991, the case number referred to the earlier year for the charge. This is the type of clerical error which the Code provides may be amended. *See* D.C.Code § 23–111(a)(1). In any event, the misstatement was harmless. *See Logan,* 591 A.2d at 853.

While the misstatement of the case number for appellant's prior conviction for distribution of heroin presents a closer question, it requires the same result. The information filed by the government informed appellant of the precise offense date, offense, and court of conviction. The court discussed with appellant prior to impaneling the jury that this offense could also be used to impeach his testimony. Indeed, this is the very offense for which appellant had been incarcerated since 1988, as he testified at trial. Unquestionably, appellant was on notice prior to the commencement of his trial that the government sought to use this conviction to enhance his sentence. Where, as here, a defendant receives clear notice of the prior conviction and the statutory purpose of providing notice of the possibility of enhanced punishment and an opportunity to determine whether to proceed to trial is fulfilled, the misstatement of a single part of the information, given the significant other information and the other circumstances present here, may be deemed harmless. *Logan, supra,* 591 A.2d at 853.

For the foregoing reasons, the judgment appealed from hereby is

*Affirmed.*