**John M. MORRIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–53.**

District of Columbia Court of Appeals.

Argued Sept. 3, 1981.

Decided Oct. 9, 1981.

Richard Strafer, Washington, D. C., appointed by this court, for appellant. Steven Alan Reiss, Washington, D. C., appointed by this court, and Paul J. Kaleta, L.S. #2751, were on the brief for appellant.

Richard A. Stanley, Asst. U. S. Atty., for appellee. Charles F. C. Ruff, U. S. Atty., and John A. Terry and Alexia Morrison, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and MACK, Associate Judges.

PER CURIAM:

Appellant seeks review of the trial court's denial of his motion to correct illegal sentence, following a conviction for armed robbery and possession of a prohibited weapon. He contends that the trial court erred in failing to follow the procedures of D.C.Code 1973, § 23–111(b),[1] which are required before an enhanced sentence may be imposed pursuant to the repeat offender statutes. Finding no error we affirm.

I

On March 18, 1977, appellant was convicted, following a jury trial, of armed robbery and possession of a prohibited weapon. Prior to trial, the government had filed an information pursuant to D.C.Code 1973, § 23–111(a), stating that appellant had previously been convicted twice on felony charges (robbery and forgery), and was

1. Section 23–111(b) provides as follows:

If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

therefore subject to an increased sentence should he be convicted on the armed robbery charge. *Id.* § 22–104a. Following appellant's conviction, the trial court sentenced him to fifteen years to life on the armed robbery count, and one year on the possession of the prohibited weapon count, the sentences to run concurrently. Appellant's conviction was affirmed by this court in *Morris v. United States,* D.C.App., 389 A.2d 1346 (1978). This appeal is brought from the denial of appellant's motion to correct illegal sentence.[2]

## II

Appellant concedes that the sentence imposed (fifteen years to life) was within the statutory maximum for a first offense of armed robbery, which is fifteen years to life. D.C.Code 1973, § 22–3202(a)(1) & (b). Appellant claims that the trial court must nevertheless comply with the procedures of D.C.Code 1973, § 23–111(b), whether or not an enhanced sentence is actually imposed. We disagree.

■■■ The procedures of § 23–111(b) are indeed mandatory, *Rogers v. United States,* D.C.App., 419 A.2d 977, 981 (1980); *Fields v. United States,* D.C.App., 396 A.2d 990, 991 n* (1979); *(Robert) Smith v. United States,* D.C.App., 356 A.2d 650, 652 (1976); *Irby v. United States,* D.C.App., 342 A.2d 33, 41 (1975), but only "before enhanced penalties may be invoked." *Kleinbart v. United States,* D.C.App., 388 A.2d 878, 879 n.2 (1978). Here, in contrast to the cases cited in appellant's brief, appellant's sentence was not enhanced.

Here, the sentence *could not have been* enhanced. The applicable repeat offender statute provides:

**2.** We note that the instant motion is appellant's third collateral attack on his conviction. Denial of the second motion for reduction of sentence was affirmed by this court in an unpublished memorandum opinion. *Morris v. United States* (No. 79–487, March 17, 1980).

**3.** An enhanced sentence would be possible, of course, where the repeat offender statute prescribes a mandatory minimum sentence that is higher than the minimum authorized for the substantive offense. *See e. g.,* D.C.Code 1973, § 22–3202(a)(2); *Fields v. United States, supra*

(a) If—

(1) any person (A) is convicted in the District of Columbia of a felony, and (B) before the commission of such felony, was convicted of at least two felonies; and

(2) the court is of the opinion that the history and character of such person and the nature and circumstances of his criminal conduct indicate that extended incarceration or *lifetime supervision,* or both, will best serve the public interest, the court may, *in lieu of any sentence otherwise authorized for the felony* referred to in clause (A) of paragraph (1), impose such *greater sentence* as it deems necessary, including *imprisonment for* the natural *life* of such person. [D.C.Code 1973, § 22–104a(a) (emphasis added).]

Where the substantive offense for which the defendant is convicted carries a potential life sentence, as here, *id.* § 22–3202(a)(1), the court cannot impose any "greater" sentence "in lieu of" the sentence otherwise authorized, because there *is* nothing greater than a life sentence under § 22–104a.[3] Section 22–104a simply has no applicability where the offense itself authorizes a maximum life sentence. Accordingly, the sentencing judge had no obligation to conduct a § 23–111(b) inquiry.[4]

We agree with the trial court that the record conclusively shows that the appellant is entitled to no relief. D.C.Code 1973, § 23–110(c).

*Affirmed.*

at 991 ("trial judge curtailed his independent discretion in sentencing with the mistaken belief that he was required to impose a minimum five-year sentence.").

**4.** While it is desirable for the sentencing judge to specifically explain to the defendant whether or not a repeat offender statute is being invoked as the basis for the sentence, there is no requirement that the court do so unless an enhanced sentence is in fact imposed, and thus the failure to do so is not error.