**Ronald BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–209.

District of Columbia Court of Appeals.

Submitted Dec. 8, 1983.

Decided March 30, 1984.

---

Jeffrey C. Hines, Washington, D.C., appointed by this court, was on the brief, for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell, Thomas J. Tourish, Jr., and Mary Incontro, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN, NEBEKER and FERREN, Associate Judges.

PER CURIAM:

A jury convicted appellant of armed robbery and this court affirmed the conviction in a Memorandum Opinion and Judgment issued on May 10, 1982. Appellant then filed in the trial court a *pro se* motion to vacate his sentence of 10 to 30 years on the ground that the judge had enhanced such sentence without affording appellant the procedural rights guaranteed by D.C.Code § 23–111(b) (1981), before a sentence may be enhanced.[1]

The trial court, citing to *Morris v. United States*, 436 A.2d 377 (D.C.1981), denied the Renewed Motion to Vacate Sentence, pointing out:

> Defendant was convicted of armed robbery (D.C.Code §§ 22–2901, –3202). Section 3202(a)(1) provides for a sentence of imprisonment "which may be up to life imprisonment" even if a person "is convicted for the first time of having so committed a crime of violence."

> \*   \*   \*   \*   \*   \*

---

1. Subsequently, counsel was appointed to represent appellant and filed a Renewed Motion to Vacate Sentence, alleging the same contention as appellant's *pro se* motion.

Here, defendant faced a potential life sentence. Accordingly, defendant could not have received an "enhanced" sentence by reason of his prior conviction. In fact, defendant received a sentence of ten to thirty years. That sentence is well within the authorized statutory range without regard to a prior conviction. As such, the Court had no obligation to conduct a § 23–111(b) inquiry as defendant contends.

■ In *Morris v. United States, supra* at 378, this court expressly concluded that "[t]he procedures of § 23–111(b) are ... mandatory ... but only 'before enhanced penalties may be invoked.' ... Where the substantive offense for which the defendant is convicted carries a potential life sentence ... the court cannot impose any 'greater' sentence 'in lieu of' the sentence otherwise authorized, because there is nothing greater than a life sentence ...." Therefore, *Morris* appears to support the trial court's denial of appellant's motion.

However, appellant responds by pointing to this court's footnote comment in *Morris, supra* at 378 n. 3 that "an enhanced sentence would be possible, of course, where the repeat offender statute prescribes [unlike the enhancement statute in *Morris* did] a mandatory minimum sentence that is higher than the minimum authorized for the substantive offense."

Appellant, in support of his contention that the trial court enhanced the minimum term of his sentence, points to certain facts in the instant case: that the prosecutor filed a pretrial Information stating that appellant had committed a prior robbery [2] and urged the court during sentencing allocution that a mandatory minimum sentence was required here; [3] and, that the trial judge imposed a minimum sentence of ten

years when the minimum authorized for the offense charged, *viz.*, armed robbery, was two years and commented when imposing sentence that: "The Court has no alternative but to impose a meaningful sentence of incarceration."

■ We are not persuaded by appellant's argument that the trial judge enhanced the minimum term of the sentence he imposed in the instant case. First, nowhere in the sentencing proceeding did the judge state that the minimum sentence of 10 years he imposed was predicated upon appellant's prior robbery conviction. Indeed, the court made no reference at all to the so-called "recidivist papers" filed here by the government, *viz.*, the Information stating appellant had been convicted of a prior robbery.

In contrast, we note that in *Fields v. United States*, 396 A.2d 990 (D.C.1979), relied upon by appellant, the sentencing judge specifically stated that he was imposing a mandatory minimum sentence. There, we were bound to conclude such enhanced sentence was improper without first giving the requisite notice under Section 23–111(b) to the defendant.

Also, the Information stated that appellant's prior conviction was for robbery occurring in *Maryland* but the statute permitting enhancement of a minimum term of sentence based upon the prior conviction of a crime of violence, *viz.*, Section 3202(a)(2), expressly provides that such prior crime must have been committed in the *District of Columbia*. Furthermore, the prior crime must have been a crime of violence while armed. *Fields v. United States*, 396 A.2d 990, 991 (D.C.1979). Thus, the Information citing to a robbery committed in Maryland was on its face a nullity and

---

**2.** The Information recited that appellant had been previously convicted on July 23, 1970 of robbery in Montgomery County, Maryland, and cited to Section 3202(a)(2) providing for a *mandatory* sentence of five years where a defendant, convicted of a prior crime of violence in the District, is convicted of a second crime of violence while armed.

**3.** Appellant points specifically to the prosecutor's comment: "We think the probation would be a complete outrage. But in addition to that, the court doesn't even have that within its discretion. Mandatory papers have been filed in this case; it's a second crime of violence and the absolute minimum the Court could sentence Mr. Brown to is a term of five to fifteen."

therefore we decline to indulge in the presumption appellant urges that the sentencing judge acted in reliance upon an Information that was invalid on its face.

We note also that the minimum sentence imposed by the sentencing judge, 10 years, was exactly one-third of the maximum sentence—30 years, which accords with the statutory proviso on sentencing generally. D.C.Code § 24–203(a) (1981). Thus, the fact that the court imposed a minimum sentence of 10 years (being greater than the two-year minimum authorized for a first conviction of armed robbery) is not, in and of itself, evidence that the court was enhancing the minimum term of its sentence predicated upon the prior robbery conviction in Maryland.

As to the judge's comment that he had "no alternative" but to impose "a meaningful sentence of incarceration", when such comment is viewed in the context of all the representations made to the trial judge as well as the court's other comments at sentencing, we are not persuaded that the judge believed he lacked discretion in imposing a minimum term. In fact, the record supports quite a different conclusion.

Thus, the trial judge specifically stated to appellant that the sentence was to be given for "the protection of the community and deterrence to others and it's not as punishment to you." Furthermore, the court emphasized the "overwhelming evidence of guilt in this case ... plus ... [appellant's] other violations of law." Finally, the court stated that this type of

crime "is one of the most terroristic type of things that can occur to an individual ...."

The sentencing judge's comments when sentencing appellant to a term of 10 to 30 years reflect in our view the judge's concern about the nature of the crime appellant committed, his prior record and the need of protection for the community, rather than the judge's mechanical application of a mandatory minimum sentence without the exercise of any discretion.[4]

We find from our review of the record that appellant's sentence was not "enhanced" and thus the court had no obligation to perform a § 23–111(b) inquiry as appellant contends. Furthermore, the sentence of ten to thirty years was well within the authorized statutory range for a first conviction of a crime of violence while armed, § 22–3202(a)(1).

The trial court's order denying appellant's motion to vacate sentence is hereby affirmed.[5]

*So ordered.*

FERREN, Associate Judge, dissenting:

Before trial, in order to set the stage for enhancing appellant's sentence under D.C. Code § 22–3202(a)(2) (1981), the prosecutor filed an Information reflecting a Maryland conviction. That conviction, however, could not have served as the basis of an enhanced sentence under the statute. After appellant was convicted, the prosecutor erroneously "urged the court during sentencing allocution that a mandatory mini-

---

**4.** The prosecutor argued at allocution not just that appellant had a prior record, but also pointed to appellant's failure to cooperate with the government. In addition, the prosecutor argued to the court that it must give a "substantial period of incarceration ... in order in this particular case ... to protect the citizens of the District of Columbia from being held at gunpoint."

**5.** We reject appellant's contention that his trial attorney rendered ineffective assistance at sentencing. First, we are satisfied that the sentencing judge did not impose an enhanced sentence in response to the prosecution's information

filed prior to trial and so defense counsel was not obliged to address such information, which was invalid on its face. Second, there is nothing in the record before us to show that defense counsel "failed to correct the inaccurate assumption that the defendant had been previously convicted [in Maryland]: of armed robbery." (Brief at 12.) The record refers to this prior conviction *both* as a conviction for "robbery" and a conviction for "armed robbery." Under these circumstances, appellant has failed to demonstrate on this record ineffective assistance by counsel because of his failure to challenge the use of the term "armed robbery."

mum sentence was required here." *Ante* at 163 & n. 2. The trial court then said it had " 'no alternative but to impose a meaningful sentence of incarceration.' " *Ante* at 163.

Although the majority analysis may be plausible, it also smacks of bootstrapping. The information was inapplicable but not "invalid on its face." *Ante* at 163. In view of the prosecutor's erroneous representation, we cannot discount the possibility that the busy trial court may have failed to note its inapplicability.

To eliminate all doubt, and thus to assure the integrity of the sentencing process, I would remand for resentencing. If the trial court did not believe it was required to enhance the sentence by reference to the Maryland conviction, it can say so. On the other hand, if the court did improperly take that conviction into account, it can revise the sentence accordingly. Such resentencing cannot possibly prejudice the government, and it will lift any possible cloud on the sentence in fairness to appellant.

Respectfully, therefore, I dissent.