# District of Columbia
# Court of Appeals

**No. 15-FM-938**

MARCIA OSHINAIKE,

                Appellant,

    v.

SOLOMON ADEDOLAPO OSHINAIKE,

                Appellee.



**DRB-3663-14**

On Appeal from the Superior Court
of the District of Columbia

BEFORE: BLACKBURNE-RIGSBY and MCLEESE, *Associate Judges*; and KING, *Senior Judge*.

## J U D G M E N T

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment of the trial court is reversed, and the case is remanded for the trial court to revise the divorce decree to reflect appellee's waiver of any right to appellant's Foreign Service pension, annuity, and survivor's benefits.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: June 23, 2016.

Opinion by Associate Judge Roy W. McLeese.

Dissenting opinion by Senior Judge Warren R. King.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-FM-938

MARCIA OSHINAIKE, APPELLANT,

V.

SOLOMON ADEDOLAPO OSHINAIKE, APPELLEE.

FILED 6/23/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(DRB-3663-14)

(Hon. Peter A. Krauthamer, Trial Judge)

(Argued January 20, 2016                    Decided June 23, 2016)

*Emily Stolzenberg*, with whom *Jonathan M. Dana* was on the brief, for appellant.

*Chidi A. Ogolo* for appellee.

Before BLACKBURNE-RIGSBY and MCLEESE, *Associate Judges*, and KING, *Senior Judge*.

Opinion for the court by *Associate Judge* MCLEESE.

Dissenting opinion by *Senior Judge* KING at page 11.

MᴄLᴇᴇsᴇ, *Associate Judge*:  Appellant Marcia Oshinaike seeks review of the trial court's ruling that Ms. Oshinaike's former husband, appellee Solomon Oshinaike, did not waive his rights with respect to retirement benefits that Ms. Oshinaike accrued as a Foreign Service officer.  We reverse.

**I.**

Mr. Oshinaike and Ms. Oshinaike married in 1989.  At that time, Ms. Oshinaike worked for a private employer.  Ms. Oshinaike joined the State Department in 1992 and became a Foreign Service officer in 2005.  In 2011, the Oshinaikes executed an agreement concerning the assignment of property in the event of divorce.  That agreement states, among other things, that "Solomon Oshinaike waives all rights to Marcia Oshinaike's pension and survivor benefits." In 2013, the parties executed a similar agreement stating, among other things, that Mr. Oshinaike "waive[s] all rights to Marcia Oshinaike's pension, federal health benefits, annuity, and survivor benefits."  Both agreements also included language indicating that Ms. Oshinaike waived her rights to Mr. Oshinaike's corresponding benefits.

Ms. Oshinaike filed for divorce in 2014. During the divorce proceedings, Ms. Oshinaike sought a declaration that Mr. Oshinaike had validly waived his right to retirement benefits that Ms. Oshinaike had accrued as a Foreign Service officer. The trial court held an evidentiary hearing on the motion. In pertinent part, Ms. Oshinaike testified as follows. Ms. Oshinaike drafted both agreements, which were intended to provide for a division of property that would avoid a contested divorce. At the time of the agreements, Ms. Oshinaike's only pension and survivor benefits arose from her employment with the Department of State and as a Foreign Service officer. Mr. Oshinaike knew that Ms. Oshinaike was in the Foreign Service and that she had only one pension. Mr. and Ms. Oshinaike discussed the agreements, and Mr. Oshinaike understood them. It was very clear to both Mr. and Ms. Oshinaike that the agreements referred to Ms. Oshinaike's Foreign Service pension.

Mr. Oshinaike testified that he was aware that Ms. Oshinaike worked in the Foreign Service and that she had a pension because of that employment. Mr. Oshinaike believed that his wife had some kind of benefits or saving plan in connection with her prior private employment, but he was not sure about the nature of those benefits. Mr. Oshinaike believed that Ms. Oshinaike had retirement benefits from her initial employment with the State Department that were separate

4

from Ms. Oshinaike's retirement benefits as a Foreign Service officer. Mr. Oshinaike did not intend to waive his rights with respect to Ms. Oshinaike's Foreign Service pension. Moreover, Mr. Oshinaike did not understand the agreements to waive those rights, because such a waiver must be explicitly stated and the agreements do not specifically state that Mr. Oshinaike was waiving his rights to that pension.

The trial court ruled as a matter of law that the agreements do not validly waive Mr. Oshinaike's rights with respect to Ms. Oshinaike's Foreign Service pension. The trial court explained that, under 22 U.S.C. § 4054(a) (2006), an agreement to waive spousal rights to a Foreign Service pension must "expressly provide[]" for such waiver. In the trial court's view, such a waiver must include a specific reference to a Foreign Service pension. Because the agreements in this case do not specifically mention a Foreign Service pension, the trial court found them legally inadequate to waive Mr. Oshinaike's rights with respect to Ms. Oshinaike's Foreign Service pension. The trial court subsequently incorporated that ruling into the final decree of divorce.

**II.**

Ms. Oshinaike argues that the trial court erred by interpreting 22 U.S.C. § 4054(a) to require that a valid waiver of spousal rights make specific reference to a Foreign Service pension. The proper interpretation of a statute is an issue of law that we decide de novo. *See, e.g.*, *Eaglin v. District of Columbia*, 123 A.3d 953, 955 (D.C. 2015).

As previously noted, section 4054(a) requires that a spousal agreement to waive rights to a Foreign Service pension must "expressly provide[]" for such waiver. At first blush, the waivers in this case seem unambiguously to reach Ms. Oshinaike's Foreign Service pension, given the sweeping phrase "all rights" and the specific reference to pension, annuity, and survivor benefits. *See, e.g.*, *DeRyke v. Teets*, 702 S.E.2d 205, 206-07 (Ga. 2010) (separation agreement providing that "Each Party expressly waives all of his or her right, title, and interest in and to any pension, profit sharing, or employee benefits plans of the other Party" was "complete, clear, and unambiguous") (internal quotation marks omitted); *see generally, e.g.*, *Monsanto Co. v. C.E. Heath Comp. & Liability Ins. Co.*, 652 A.2d 30, 35 n.5 (Del. 1994) ("[T]he word 'all' is sometimes said to be the most

comprehensive in the English language; it denotes the 'whole number of,' 'each' and 'every.'") (internal quotation marks omitted).

In the trial court, Mr. Oshinaike suggested that the references in the agreements to "pension" related to Ms. Oshinaike's retirement benefits arising from her private employment and her employment in the State Department before she became a Foreign Service officer. That suggestion seems debatable at best, given the term "any" and other language in the agreements, including the plural term "benefits." In any event, Mr. Oshinaike does not explicitly renew that suggestion in his brief in this court. Moreover, Mr. Oshinaike acknowledges that the agreements are correctly understood to be unambiguous.

We therefore turn to the argument Mr. Oshinaike does advance on appeal: that a valid waiver under section 4054(a) requires specific reference to Foreign Service retirement benefits. That appears to be an issue of first impression. We once previously construed section 4054(a), in *Angulo v. Gochnauer*, 772 A.2d 830 (D.C. 2001). Although the separation agreement in *Angulo* contained some sweeping general language and was in some respects detailed, the agreement did not specifically refer to retirement and pension benefits at all. *Id.* at 832-33, 836. We held that the separation agreement therefore did not waive Foreign Service

retirement benefits. *See id.* We did not decide whether specific reference to Foreign Service retirement benefits was required, or whether instead an unambiguous waiver of all retirement benefits would suffice. *Id.* Several other courts have also construed section 4054(a), but as far as we are aware none has addressed the precise issue before us. *See id.* at 835-36 (citing cases).

We conclude that an unambiguous waiver of all pension, annuity, and survivor benefits suffices under section 4054(a). We recognize that section 4054(a) is intended to protect Foreign Service spouses and therefore should be "strictly construed." *Angulo*, 772 A.2d at 835. In our view, however, the legitimate interests of Foreign Service spouses will not be undermined by enforcing unambiguous waivers that specifically refer to all pension, annuity, and survivor benefits. Moreover, we find persuasive the weight of authority from other jurisdictions addressing whether a waiver of retirement or similar benefits was sufficiently clear or explicit. *See, e.g.*, *Diversified Inv. Advisors, Inc. v. Baruch*, 793 F. Supp. 2d 577, 581-82 (E.D.N.Y. 2011) (although broad waivers of claims, rights, or property are inadequate under New York law, "[o]verwhelming authority supports the proposition that a waiver [in a separation agreement] is sufficiently explicit when it describes a precise category of claims to which rights are waived, without expressly naming a specific instrument") (citing cases); *Metropolitan Life*

*Ins. Co. v. Flusty*, 545 F. Supp. 2d 624, 626, 629-30 (E.D. Mich. 2008) (separation agreement providing that "any right" in any life-insurance policy or annuity was "extinguished" was sufficiently explicit under Michigan law; "There is no magic language that must be included to effectively waive a person's interest in plan proceeds. Rather, courts that have examined what constitutes a waiver have consistently stated that a waiver must simply be explicit, voluntary and made in good faith. . . . 'Explicit' means that the divorce decree is not completely silent on the issue of insurance proceeds. However, there are no specific words that must be included. In determining if a waiver exists, a court must determine if a reasonable person would have understood that she was waiving her beneficiary interest in the life insurance policy at issue.") (brackets and internal quotation marks omitted); *cf., e.g.*, *Fox v. OPM*, 100 F.3d 141, 142-44 (Fed. Cir. 1996) (separation agreement that referred to survivor's benefit plan but did not mention Civil Service Retirement System (CSRS) "expressly provided" that former spouse was entitled to benefit under CSRS; "magic words" are not necessary for agreement to expressly provide for benefits) (citing administrative decisions).

In arguing that specific reference to the Foreign Service is required, Mr. Oshinaike relies heavily on statements to that effect in a handbook issued by the State Department and in articles in the Foreign Service Journal and the American

Foreign Service Association Newsletter. In response, Ms. Oshinaike argues that the cited materials were not admitted into evidence at trial, have not been authenticated, are not authoritative, and postdate the agreements at issue in this case. Even leaving aside Ms. Oshinaike's other objections, we agree with Ms. Oshinaike that the cited materials are not entitled to significant weight. The cited materials do not reflect formal agency action, and are thus not entitled to the substantial deference that in some circumstances is accorded to formal agency action under *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). *See, e.g.*, *United States v. Mead Corp.*, 533 U.S. 218, 227-34 (2001) (declining to give *Chevron* deference to informal agency ruling letter); *cf. Nunnally v. District of Columbia Metro. Police Dep't*, 80 A.3d 1004, 1013 & n.17 (D.C. 2013) (declining to give substantial deference to agency general order that "essentially serves the purpose of an internal operating manual") (internal quotation marks omitted). An informal agency interpretation, including one reflected in an "agency manual[]," will in some circumstances be given a lesser degree of deference, "proportional to its power to persuade." *Mead*, 533 U.S. at 234, 235. The deference to be given such an interpretation "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements." *1303 Clifton St., LLC v. District of Columbia*, 39 A.3d 25, 31 (D.C. 2012) (internal quotation marks

omitted). Mr. Oshinaike has not provided this court with the materials on which he relies, and his description of those materials gives us no basis upon which to accord the materials persuasive weight. *Cf., e.g.*, *Prochazka v. United States*, 104 Fed. Cl. 774, 798 (2012) ("[I]nternal agency memoranda typically are not entitled to deference, particularly when they concern agency personnel policies that are never exposed to the light of formal rulemaking, but remain embedded in policy statements, handbooks, directives, and the like.") (brackets and internal quotation marks omitted; citing cases).

Mr. Oshinaike defends the judgment solely on the ground that his waiver was as a matter of law insufficiently explicit to satisfy the requirements of section 4054(a). Because we conclude to the contrary, we reverse the judgment and remand the case for the trial court to revise the divorce decree to reflect Mr. Oshinaike's waiver of any right to Ms. Oshinaike's Foreign Service pension, annuity, and survivor's benefits.

*So ordered.*

KING, *Senior Judge*, dissenting. 22 U.S.C. § 4054 (a)(1) (2006)[1] requires that, in order to waive one's property right in a spouse's foreign service pension, he or she must do so expressly. I would find, as a matter of law, that the attempted waiver here was not "express." I agree with the trial court that such a waiver must include a specific reference to the Foreign Service pension in order to be valid.

While the majority makes little of *Angulo v. Gochnauer,* 772 A.2d 830 (D.C. 2001), I find it most helpful. The majority distinguishes *Angulo*, where this court found that there was no express waiver, because the agreement in that case did not use the word "pension" while the agreement between the Oshinaikes does. However, the agreement in *Angulo* was also different from the Oshinaikes' agreement because it was more detailed and comprehensive.[2] I am persuaded that,

---

[1] "Unless otherwise expressly provided by any spousal agreement. . . a former spouse of a participant or former participant is entitled to an annuity. . . [assuming, as here, that period of service requirements are met]." 22 U.S.C. § 4054 (a)(1) .

[2] The *Angulo* opinion described pertinent sections of the parties' agreement as such:

> The parties stated in a "whereas" clause of the property settlement agreement that they desired '"to settle all rights, interests and obligations between them and to obtain a full, complete and final property settlement and agreement, including a settlement of all property interests

(continued . . . )

( . . . continued)

and all claims between or against each other[.]"' The agreement thereafter contained the following provisions upon which appellant relies:

(3) Each party hereby forever discharges, relinquishes and releases all right, title and interest which he or she now has or ever had or ever may have in and to the real, personal and mixed property of the other; all rights of curtesy and dower; all right, title and interest which he or she has or may ever have in and to the property or estate of the other at death, all right and interest to take against the other's will or under the intestate laws, and each and every other claim of right, title or interest he or she has or may ever have against the other....

(6) Each party hereby agrees that no support or alimony shall be payable to either party by the other.

(7) Each party further agrees that neither party shall maintain any form of insurance for the benefit of the other party. From the date of this agreement, neither party shall have any right or claim in any insurance policy of the other party...

(11) The parties hereto shall and will at any time or times hereinafter make, execute and deliver any and all such further instruments and things as the other of such parties shall require for the purpose of giving full effect to these presents, and to the covenants and agreements thereof.

*Angulo*, 772 A.2d at 832-33.

where even a waiver as detailed as the one in *Angulo* is not deemed "express" by this court, the Oshinaikes' similar, formulaic recitations should not be either.[3]

---

[3] The entirety of the Oshinaikes' November 2011 agreement read as follows:

> Solomon Oshinaike waives all rights to Marcia Oshinaike's pension and survivor benefits.
>
> Marcia Oshinaike waives all rights to Solomon Oshinaike's pension and survivor benefits.
>
> Solomon Oshinaike waives all rights to Marcia Oshinaike's residence located at 2220 Quincy NE, Washington, DC; there are no martial property issues to be resolved.
>
> Marcia Oshinaike waives all rights to Solomon Oshinaike's property in Lagos, Nigeria; there are no property issues to be resolved.
>
> There are no alimony or child support issues to be resolved.
>
> There are no marital or personal dept [*sic*] issues to be resolved. Marcia Oshinaike and Solomon Oshinaike are responsible for their own dept's [*sic*] incurred in their names.

The Oshinaikes' 2013 agreement, which was said to act as a "continuation" of the 2011 agreement simply repeated most of the same language as the 2011 agreement and read as follows:

> I, Solomon Oshinaike, waive all rights to Marcia Oshinaike's pension, federal health benefits, annuity, and survivor benefits.

(continued . . . )

I find it significant that we did not hold in *Angulo* that there was no express waiver solely on the ground that the words "Foreign Service" were missing; nor did we hold that there was no express waiver because the word "pension" was missing. I think it unwise to decide this case, as the majority does, on the ground that the word "pension" was used here. Such a holding only invites more confusion. One need not stretch the imagination to come up with a number of circumstances that would be just as uncertain to this court, and just as much a

---

( . . . continued)

> I, Marcia Oshinaike, waive all rights to Solomon Oshinaike's pension, federal health benefits, annuity, and survivor benefits.
>
> I, Solomon Oshinaike, waive all rights to the residence and property located at 2220 Quincy Street NE, Washington, DC 20018; there are no property issues to be resolved.
>
> I, Marcia Oshinaike, waiver [*sic*] all rights to Solomon Oshinaike's property in Lagos, Nigeria; there are no property issues to be resolved.
>
> There are no alimony or child support issues to be resolved.
>
> There are no marital or personal debt issues to be resolved. Marcia Oshinaike and Solomon Oshinaike are responsible for their own debt's [*sic*] incurred in their names.

question of first impression. For example, applying the majority opinion in this case, what if the word pension is used in some existing or future agreement but there is more than one pension in existence at the time of the agreement? What if the word pension is not used but the words "Foreign Service" are? I think the better course, and in line with both *Angulo* and our requirement to strictly construe the Act[4], is to hold that express waiver of the right to the pension in question under the Act requires specific mention of the Foreign Service pension and no less.

For these reasons, I dissent.

---

[4] The majority acknowledges that the Act must be "strictly construed." *See* majority opinion at 7 citing *Angulo*, 772 A.2d at 835.