*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-CO-0548

BOBBY JOHNSON, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2009-CF3-015607)

(Hon. James A. Crowell IV, Motions Judge)

(Argued May 22, 2025                    Decided September 4, 2025)

*Lee R. Goebes*, Public Defender Service, with whom *Jaclyn S. Frankfurt*, Public Defender Service, was on the briefs, for appellant.

*Daniel J. Lenerz*, Assistant United States Attorney, with whom *Matthew M. Graves*, United States Attorney at the time the brief was filed, and *Chrisellen R. Kolb*, *Nicholas P. Coleman*, *Victoria Boyle*, and *Dylan M. Aluise*, Assistant United States Attorneys, were on the brief, for appellee.

Before HOWARD and SHANKER, *Associate Judges*, and EPSTEIN, *Senior Judge, Superior Court of the District of Columbia*.[*]

SHANKER, *Associate Judge*: Appellant Bobby Johnson was convicted in 2010

of multiple offenses, including aggravated assault while armed (AAWA), related to

---

[*] Sitting by designation pursuant to D.C. Code § 11-707(a).

his shooting of an individual, and he was sentenced to an aggregate term of 336 months of imprisonment.  We affirmed Mr. Johnson's convictions but remanded for merger of certain convictions and resentencing, *Johnson v. United States*, 107 A.3d 1107 (D.C. 2015) (*Johnson I*), after which the trial court resentenced Mr. Johnson to the same 336-month term.  We again affirmed, rejecting, as relevant here, a claim that Mr. Johnson's sentence had been improperly enhanced based on prior convictions.  *Johnson v. United States*, Nos. 17-CO-95 & 19-CO-890, Mem. Op. & J. (D.C. May 5, 2021) (*Johnson II*).

In 2022, after having obtained the vacatur of a prior 2009 conviction, Mr. Johnson moved in Superior Court under D.C. Code § 23-110 for resentencing, arguing that his sentence had been enhanced based in part on that conviction.  The trial court granted Mr. Johnson's motion, vacated his sentence, and, in resentencing Mr. Johnson, calculated his Voluntary Sentencing Guidelines range using the D.C. Code § 22-1804a sentencing enhancement, as incorporated in the Voluntary Sentencing Guidelines, because Mr. Johnson had two prior felony convictions.  The trial court resentenced Mr. Johnson to an aggregate term of 240 months, which again was below the applicable statutory maximum.

Mr. Johnson appeals a third time, asserting that the trial court improperly increased his sentence because his two prior convictions should not have counted separately. We again affirm.

## I.     Background

### A.     Legal Background

Mr. Johnson's AAWA conviction subjected him to a statutory maximum penalty of thirty years of imprisonment. D.C. Code § 22-4502(a).

D.C. Code § 22-1804a(a)(1) provides that "[i]f a person is convicted in the District of Columbia of a felony, having previously been convicted of [two] prior felonies not committed on the same occasion, the court may, in lieu of any sentence authorized, impose such greater term of imprisonment as it deems necessary, up to, and including, [thirty] years." The statute adds that "[a] person shall be considered as having been convicted of [two] felonies if the person has been convicted of a felony twice before on separate occasions by courts of the District of Columbia, any state, or the United States or its territories." *Id.* § 22-1804a(c)(1).

D.C. Code § 23-111 sets forth the procedures to be followed before a defendant can be "sentenced to increased punishment by reason of one or more previous convictions."

The District of Columbia Sentencing Commission has promulgated a system of Voluntary Sentencing Guidelines "for use in the Superior Court of the District of Columbia[,] designed to achieve the goals of certainty, consistency, and adequacy of punishment." *Id.* § 3-101(b)(1). Under the Guidelines, the top of an advisory sentencing range is increased if a statutory enhancement provision, such as Section 22-1804a, applies. D.C. Sent'g and Crim. Code Revision Comm'n, Voluntary Sentencing Guidelines Manual, Sept. 2023, at H-1 to H-2 & n.84.

The Voluntary Sentencing Guidelines are not binding on judges and do not create any legally enforceable rights. D.C. Code § 3-105(a), (c). And, "[n]otwithstanding the guidelines, the judge in an individual case may impose any sentence that does not exceed the maximum term prescribed by law and is not otherwise prohibited by the Constitution or laws of the United States or the District of Columbia." *Id.* § 3-105(b). *See Speaks v. United States*, 959 A.2d 712, 717-18 (D.C. 2008).

In light of the fact that the Guidelines are not binding and create no legally enforceable rights, a sentence that does not exceed a statutory maximum cannot be appealed on the ground that it constituted a misapplication of the Guidelines. *See id.* at 719-20. We have said, however, that "[m]isinformation or misunderstanding that is materially untrue regarding a prior criminal record, or material false

assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process," such that review in this court is available. *Bradley v. District of Columbia*, 107 A.3d 586, 589, 594-96 (D.C. 2015) (alteration in original) (quoting *United States v. Hamid*, 531 A.2d 628, 644 (D.C. 1987)).

### B.     Factual Background

#### 1.     First Two Sentencings

In 2009, Mr. Johnson shot an individual who was scheduled to testify against his brother. *Johnson I*, 107 A.3d at 1109. The victim sustained several serious injuries that still plagued him at the time of trial. *Id.* at 1109-10. Following a jury trial, Mr. Johnson was convicted of multiple offenses, including AAWA. *Id.* at 1109. He was sentenced to an aggregate term of 336 months of incarceration. *Id.* at 1111. We affirmed his convictions but remanded with instructions for the trial court to merge certain offenses and resentence Mr. Johnson. *Id.* at 1114. On remand, the trial court resentenced Mr. Johnson again to 336 months. *See Johnson II* at 3.

At both sentencings, Mr. Johnson faced a statutory maximum penalty for the AAWA conviction of thirty years. D.C. Code §§ 22-404.01, -4502(a)(1) (2012 Repl. & 2020 Supp.). Both the 240 months the trial court imposed for the AAWA

conviction and the 336-month aggregate sentence were below that statutory maximum. *See Johnson II* at 3.

After his resentencing following our remand on merger grounds, Mr. Johnson again appealed, arguing, among other things, that the trial court erroneously enhanced his sentence under the District's third-strike felony sentencing enhancement statute, D.C. Code § 22-1804a. *See* D.C. Code § 22-1804a (2012 Repl. & 2020 Supp.) (providing that if the defendant is convicted of a felony and has two prior felony convictions, "the court may, in lieu of any sentence authorized," impose a "greater" term of imprisonment "up to, and including, [thirty] years"). Specifically, Mr. Johnson argued that the government failed to follow the procedures set forth in D.C. Code § 23-111 (2012 Repl.) for the imposition of a sentencing enhancement. *Johnson II* at 3.

The government had indeed sought a sentencing enhancement under Section 22-1804a(a)(1) based on three prior convictions: a 2009 conviction for assault with significant injury, a 2000 conviction for distribution of cocaine, and a 2000 conviction for possession with intent to distribute cocaine. We held in *Johnson II*, however, that "[t]he procedures specified in § 23-111 apply only if the trial court imposes a sentence outside 'the normal range of penalties' authorized by statute for 'the substantive offense for which the defendant is convicted,'" *id.* at 3 (quoting

*Sanders v. United States*, 809 A.2d 584, 602 (D.C. 2002)); that "Mr. Johnson already faced a thirty-year statutory maximum penalty" for his AAWA conviction, *id.*; and that "the aggregate 336-month sentence imposed by the trial court (both at Mr. Johnson's initial sentencing and at his resentencing) did not exceed this statutory limit," *id.* Accordingly, "[b]ecause Mr. Johnson was not subject to increased punishment," there could have been no error under Section 23-111. *Id.* at 4.

We observed in *Johnson II* that Mr. Johnson appeared to argue that the trial court nonetheless enhanced his sentence because it acknowledged his prior felony convictions and sentenced him above the otherwise applicable Guidelines range under the Guidelines provision raising the top of the Guidelines range if Section 22-1804a applies. *Id.* at 3. We stated, however, that "this sort of discretionary decision-making within statutorily authorized ranges was not the object of Congress'[s] concern when it enacted § 23-111." *Id.* at 4.

In his brief in *Johnson II*, Mr. Johnson also asserted in somewhat cursory fashion that his two drug convictions in 2000 were erroneously counted as separate prior convictions under Section 22-1804a because, while the offenses were committed on separate occasions, he was not "convicted" on separate occasions, as the guilty plea hearings for the two cases were held together, as were the two

sentencing hearings.[1]  Presumably because we held that Mr. Johnson did not receive an enhanced sentence, we did not address that argument.

### 2.     Third Sentencing

In 2022, Mr. Johnson secured vacatur of his 2009 conviction for assault with significant injury based on the government's violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Mr. Johnson then filed in the trial court a motion for resentencing under D.C. Code § 23-110, asserting that his sentence in this case had been "sharply enhanced under D.C. Code § 22-1804a, a three strikes provision," based on one "strike" (the 2009 conviction) that had since been vacated.  Although Mr. Johnson still had two prior convictions committed on separate occasions, he argued that he had not been *convicted* on two separate occasions—which he asserted was required for application of Section 22-1804a pursuant to Section 22-1804a(c)(1)—because he was convicted for the two separate offenses at the same time.  As such, he asserted, he was not eligible for a Section 22-1804a enhancement.  Mr. Johnson argued not

---

[1] The two drug offenses were committed almost four months apart.  They were charged separately under separate case numbers.  Mr. Johnson entered guilty pleas for the two offenses on the same day, in what Mr. Johnson claims was one hearing, and also was sentenced for the two offenses on the same day, in what Mr. Johnson again claims was one hearing (the hearing transcripts are not included in the record on appeal and the parties disagree on whether the dockets establish that the hearings were combined).  Two separate Judgment and Commitment/Probation Orders were entered for the two cases.

that his sentence had been statutorily enhanced under Section 22-1804a, but rather that the application of Section 22-1804a through the Guidelines resulted in an increase in the top of his Voluntary Sentencing Guidelines range from 144 months to 360 months, *see* D.C. Sent'g and Crim. Code Revision Comm'n, Voluntary Sentencing Guidelines Manual, May 2010, at J-11, and therefore that his sentence— which was greater than 144 months—was affected by the allegedly erroneous interpretation of Section 22-1804a, in violation of his due process rights.

The trial court granted the motion for resentencing. The court first observed— based on *Johnson II*'s holding and the fact that Mr. Johnson's sentence was below the statutory maximum—that Mr. Johnson did not receive a statutorily enhanced sentence pursuant to Section 22-1804a. The court nonetheless granted resentencing, stating that, in light of D.C. Code § 24-403.01(a)(1)'s directive that a court shall impose a sentence that reflects "the criminal history of the offender," Mr. Johnson's sentence was increased based on his prior convictions, including primarily the now-vacated 2009 assault conviction. That sentencing, the trial court believed, violated Mr. Johnson's due process rights because it was possibly based on "misinformation"—the belief that the 2009 conviction was valid.

The trial court further concluded that, at resentencing, Section 22-1804a would apply, for purposes of the Voluntary Sentencing Guidelines, by virtue of

Mr. Johnson's two other convictions. The court addressed the merits of Mr. Johnson's argument about the interpretation of Section 22-1804a, rejecting his contention that the statute "requires a defendant to both have *committed* his crimes on separate occasions and to be *sentenced* on different occasions for the convictions to count separately." The trial court accordingly concluded that Mr. Johnson "is entitled to resentencing but under the enhanced guidelines."

The trial court subsequently resentenced Mr. Johnson to an aggregate 240 months of incarceration, with 180 months assigned to the AAWA conviction. That sentence is below the statutory maximum for AAWA and does not reflect a statutory enhancement under Section 22-1804a, but it is above the Voluntary Sentencing Guidelines range of 72 to 144 months and reflects application of Section 22-1804a in connection with the Guidelines at least to the extent that the top of the Guidelines range was raised. *See* D.C. Sent'g and Crim. Code Revision Comm'n, Voluntary Sentencing Guidelines Manual, Sept. 2023, at A-1, H-1 to H-2 & n.84.

This appeal followed.

## II.    Analysis

Mr. Johnson argues that the trial court erred in applying Section 22-1804a when sentencing him because he did not have two separate prior convictions under

the statute. The substantive question raised by his appeal is whether offenses committed on separate occasions count as two prior convictions if the sentences were imposed in the same hearing or in combined hearings. We decline to reach that question, though, because review of Mr. Johnson's lawful sentence is not available in this court.

It is beyond dispute that Mr. Johnson's sentence was not increased above the thirty-year maximum applicable to an AAWA offense. Accordingly, Mr. Johnson does not and cannot argue that error by the trial court in applying Section 22-1804a resulted in a sentence that is illegal, and thus reviewable, by virtue of its exceeding a statutory maximum. *See Jenkins v. United States*, 80 A.3d 978, 1003 (D.C. 2013) ("If the sentence is within the statutory maximum, as it is here, it is unreviewable except for constitutional concerns." (internal quotation marks omitted)). *Cf., e.g.*, *Jones v. United States*, 127 A.3d 1173, 1198 (D.C. 2015) (twelve-year sentence was illegal because it exceeded the ten-year statutory maximum for the offense).

Mr. Johnson also disavows any argument that the trial court committed Voluntary Sentencing Guidelines error, even though the court allegedly misinterpreted Section 22-1804a when it was applying the provision by way of Appendix H ("Statutory Enhancements") in the Sentencing Guidelines.

The argument Mr. Johnson tries to make is that "the trial court misinterpreted Section 22-1804a and . . . this misinterpretation caused it to 'impose such greater term of imprisonment' than it would have had it correctly construed Section 22-1804a." He contends that his sentence was increased under Section 22-1804a, on the premise that the statute provides for a greater term of imprisonment as the court "deems necessary" "up to" a maximum of thirty years, and therefore a sentence even under thirty years has been influenced by Section 22-1804a if the trial court considered the statute at sentencing. Mr. Johnson then asserts that his increased sentence was the product of "[m]isinformation or misunderstanding that is materially untrue regarding a prior criminal record, or material false assumptions as to any facts relevant to sentencing," rendering "the entire sentencing procedure invalid as a violation of due process." *Bradley*, 107 A.3d at 589.

Mr. Johnson's argument fails at both steps.

First, we have made clear that a defendant does "not receive increased punishment by reason of prior convictions" where his sentences fall "within the normal sentencing ranges for those offenses." *Gray v. United States*, 147 A.3d 791, 809 (D.C. 2016). More pertinently, we held in *Johnson II* that Mr. Johnson himself "was not given an enhanced sentence within the meaning of D.C. Code § 23-111"

because his sentence did not exceed AAWA's thirty-year maximum. *Johnson II* at 3. We did so despite noting Mr. Johnson's argument that the trial court "acknowledged Mr. Johnson's prior felony convictions and sentenced Mr. Johnson to a term of imprisonment outside the otherwise applicable Sentencing Guidelines range." *Johnson II* at 3. If Mr. Johnson was not given an enhanced sentence within the meaning of Section 23-111, then he was not given an enhanced sentence within the meaning of Section 22-1804a; Section 23-111 does not enter the picture unless Section 22-1804a (or another prior-conviction sentencing enhancement statute) is being applied. *See Key v. United States*, 587 A.2d 1072, 1073 (D.C. 1991) (per curiam) (Section 23-111 "sets out procedures" for "enhanced penalty" statutes).

Mr. Johnson's contention that his sentence was increased under Section 22-1804a because it was greater than it might have been if the court had not considered it (in connection with the Sentencing Guidelines) reads critical words right out of the statute: "in lieu of any sentence authorized." By its terms, Section 22-1804a permits a sentencing court to impose a greater sentence *in lieu of any sentence authorized*. This means that if the statute's criteria apply, a trial court can impose a greater sentence in place of the authorized (maximum) sentence in the statute of conviction. It follows that if a trial court has not imposed a greater sentence in lieu of the statutory maximum—here, thirty years—it has not applied Section 22-1804a. We made this clear in *Morris v. United States*, 436 A.2d 377

(D.C. 1981) (per curiam), observing that where the statute of conviction carries the same maximum as the prior-convictions sentencing enhancement statute, "the court cannot impose any 'greater' sentence 'in lieu of' the sentence otherwise authorized," and therefore the enhancement statute "simply has no applicability." *Id.* at 378. It is also what we said in *Gray*, 147 A.3d at 809, and in Mr. Johnson's own prior appeal, *Johnson II* at 3-4.

Ultimately, then, despite his attempt to disavow it, Mr. Johnson's argument is necessarily about the Sentencing Guidelines, because the point of comparison for his claim that his sentence was increased is not the statutory maximum but the Guidelines range that would have been applicable had the trial court not applied the Guidelines enhancement based on Section 22-1804a.

Viewed in that way, Mr. Johnson's claim is not reviewable in this court. As we noted in *Johnson II*, a sentence outside of the otherwise applicable Sentencing Guidelines range—even if the top of that range is raised by virtue of the Guidelines' reference to Section 22-1804a—reflects "discretionary decision-making within statutorily authorized ranges." *Johnson II* at 4. And we have made clear that such discretionary sentencing within a statutorily authorized range is not reviewable in this court. *See Speaks*, 959 A.2d at 719 ("Inasmuch as the sentences imposed on appellant by the trial court concededly conformed to the statute, they may not be

assailed on the sole ground that they are not compliant with the guidelines."); *R.W. v. United States*, 958 A.2d 259, 265 (D.C. 2008) ("By design, the Voluntary Sentencing Guidelines are entirely voluntary, and judges are free to apply or ignore them as they see fit without interference by this Court."); *see also* D.C. Code § 3-105(b) ("Notwithstanding the guidelines, the judge in an individual case may impose any sentence that does not exceed the maximum term prescribed by law and is not otherwise prohibited by the Constitution or laws of the United States or the District of Columbia.").

This is true even where the defendant's claim is that the trial court erred in interpreting the Sentencing Guidelines. *See Speaks*, 959 A.2d at 720; *see also Gorbey v. United States*, 54 A.3d 668, 707 (D.C. 2012) (applying *Speaks* in rejecting claim that trial court misapplied the Sentencing Guidelines in imposing consecutive rather than concurrent sentences). The reason for this rule is that the Guidelines are not binding and create no legally enforceable rights; accordingly, as we noted in *Speaks*, even if the trial court had come to the opposite (in the defendant's view, correct) conclusion in interpreting the Guidelines, it could have imposed the same sentence so long as that sentence complied with the statute of conviction. *See Speaks*, 959 A.2d at 719 ("Even had [the trial court] concluded that the guidelines directed the imposition of concurrent sentences, [it] nevertheless could have chosen to impose consecutive sentences because (1) they were in compliance with the

relevant statute, and (2) the guidelines were not binding and created no enforceable rights for appellant.") (citation modified).

As we succinctly put it in *Speaks*, "it is not our business to interpret the guidelines where they create no legally enforceable rights." *Id.* at 720. And in *R.W.* we approvingly cited a Maryland appellate court's observation that even if the trial court "outrageously flouts or clumsily misapplies the sentencing guidelines [it] is simply none of our appellate business, unless such flouting or misapplying should coincidentally trigger one or more of our more limited and traditional reasons for reviewing a sentence." 958 A.2d at 266 (quoting *Teasley v. State*, 458 A.2d 93, 94 (Md. Ct. Spec. App. 1983), *aff'd*, 470 A.2d 337 (Md. 1984)).

That brings us to the second flaw in Mr. Johnson's argument. Mr. Johnson points us to cases establishing that "due process is violated when the sentencing judge relies on material false assumptions as to any facts relevant to sentencing." *Bradley*, 107 A.3d at 595 (internal quotation marks omitted). But the error that Mr. Johnson asserts—about the interpretation of Section 22-1804a—is quintessentially a *legal* error in the context of the Guidelines. *See Oshinaike v. Oshinaike*, 140 A.3d 1206, 1208 (D.C. 2016) ("The proper interpretation of a statute is an issue of law . . . ."). Indeed, Mr. Johnson's brief focuses virtually entirely on doctrines of statutory construction. In some sense, any legal error can be

characterized as misinformation or a misunderstanding, and it is true that the trial court's ruling on the merits led it to count a prior conviction that, in Mr. Johnson's view, he did not have for purposes of Section 22-1804a. But that is not the type of error we had in mind in *Bradley* or our other cases referencing the limited availability of review of certain sentencing errors.

In those cases, we were concerned about materially inaccurate factual information. *See Bradley*, 107 A.3d at 591-92, 596-97 (sentencing judge relied on mistaken facts about defendant's criminal history that had no foundation in the record evidence); *Caldwell v. United States*, 595 A.2d 961, 967 (D.C. 1991) ("Due process is violated when the sentencing judge relies on material false assumptions as to any facts relevant to sentencing." (citation modified)); *Hamid*, 531 A.2d at 644 (the omission of "material evidence" from the sentencing hearing can constitute a denial of due process). To state a claim for sentencing based on material misinformation, a defendant must identify specific "facts or evidence" underlying the trial court's sentencing decision and demonstrate that they are "materially false or unreliable." *R.W.*, 958 A.2d at 267-68. Thus, a defendant could appeal a sentence if the trial court concluded that he had previously been convicted of a crime for which he was never found guilty. *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948). A defendant could not appeal, however, if the claim is that the trial court committed legal error that led to an increased Guidelines range—by, for example,

misinterpreting the offense severity chart—but the sentence was below the statutory maximum. The difference is that in the case of materially false factual information, the defendant is deprived of a fair sentencing process. *See Bradley*, 107 A.3d at 595 (the "sentencing process" is not immune from appellate scrutiny); *Speaks*, 959 A.2d at 719 (distinguishing cases where "appellate courts have reviewed the sentencing process" from cases where the sentencing court "did not fail to follow a statutorily-prescribed procedure in imposing sentence . . ., rely on improper or inaccurate information, sentence a defendant unrepresented by counsel, consider representations by the government that violated a plea agreement with appellant, or fail or decline to exercise [their] discretion").

Here, the supposed misinformation that Mr. Johnson points to is not a materially false factual or evidentiary matter but rather the trial court's alleged legal error in misapplying accurate information about Mr. Johnson's criminal history to calculate his Voluntary Sentencing Guidelines range. Mr. Johnson does not dispute that he was previously convicted of the two drug felonies. *See R.W.*, 958 A.2d at 268 (defendant could not point to materially false or unreliable facts or evidence where facts supporting the sentence were in the record). The trial court, accordingly, could have sentenced Mr. Johnson based on those felonies, *see* D.C. Code § 24-403.01(a)(1); D.C. Sent'g and Crim. Code Revision Comm'n, Voluntary Sentencing Guidelines Manual, Sept. 2023, § 1.2.7 ("Departure Principles") ("There

are no limitations on the sentence the court can impose if it finds a substantial and compelling reason to depart. Any legal sentence may be imposed." (footnote omitted)), or it could have departed upward under § 5.2.2(7), the aggravating factor for attempted obstruction of justice. Mr. Johnson's complaint thus becomes one only about how the trial court went about doing that under the Guidelines.[2] Because we do not review such complaints, we have no basis to address Mr. Johnson's argument about the meaning of Section 22-1804a.[3]

---

[2] In imposing the sentence, the trial court did not suggest that it felt bound by the increased Sentencing Guidelines range; to the contrary, it recited a litany of reasons for the above-Guidelines sentence it imposed: that Mr. Johnson "attempted to murder a Government witness with a firearm," reflecting a "wholesale disregard for the justice system"; that the shooting caused "significant damage" to the victim; that Mr. Johnson is a "danger to the community," with "[twenty-one] separate cases involving six convictions"; that he had multiple parole violations and the offenses in this case occurred a few months after his parole for another offense expired; and that he posed a "recidivist risk."

[3] At oral argument, the government appeared to contradict its brief and concede that if the trial court had committed legal error in misinterpreting Section 22-1804a and had relied on that misinterpretation in sentencing Mr. Johnson, even only under the Guidelines and below the statutory maximum, that would "likely" give rise to a due process claim of misinformation reviewable in this court, analogous to a claim of materially false factual information. The government, however, then appeared to contradict that concession, arguing that even if a court errs in applying Section 22-1804a, there is no cognizable claim relating to an increase in the Voluntary Sentencing Guidelines range.

To the extent we consider the government's first statement, we disagree that legal error in interpreting the Guidelines (or a statute referenced in the Guidelines) that results in a higher Guidelines sentence but a sentence below the statutory maximum is the type of error contemplated in *Bradley* and related cases; and we are

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

*So ordered*.

---

not bound by any concession by the government at oral argument, especially where it is inconsistent with the government's briefed position. *See Young v. United States*, 315 U.S. 257, 258-59 (1942) ("[A] confession [of error by the government] does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed."). *Cf. Coleman v. District of Columbia*, 80 A.3d 1028, 1030 (D.C. 2013) ("We are not required to treat a party's concession as determinative of an issue that the Superior Court resolved in the party's favor.").