# District of Columbia Court of Appeals

**No. 15-CF-819**

CHARLES BLAND,

Appellant,

v.

UNITED STATES,

Appellee.



FILED

FEB 16 2017

DISTRICT OF COLUMBIA
COURT OF APPEALS

CF2-8770-14

On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE: GLICKMAN and MCLEESE, *Associate Judges;* and STEADMAN, *Senior Judge*.

## JUDGMENT

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment of the Superior Court is affirmed.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: February 16, 2017.

Opinion by Associate Judge Stephen H. Glickman.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 15-CF-819

CHARLES BLAND, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF2-8770-14)

(Hon. Juliet McKenna, Trial Judge)

(Submitted November 18, 2016          Decided December 5, 2016[*])

*Marc L. Resnick* was on the brief, for appellant.

*Channing D. Phillips*, United States Attorney, and *Elizabeth Trosman*, *Sara Vanore*, and *Danielle M. Kudla*, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

---

[*] The decision in this case originally was issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of appellee's motion to publish. Footnote 8 has been revised to note the court's denial of appellant's post-decision motion for leave to file a supplemental brief raising a new claim.

GLICKMAN, *Associate Judge*:  Charles Bland appeals the enhancement of his sentence for unlawful possession of a firearm (UPF) under a statutory provision requiring a mandatory minimum prison term of three years instead of one year if the offender has a prior conviction for a "crime of violence other than conspiracy."[1]  Bland argues that his constitutional rights under the Fifth and Sixth Amendments were violated because the finding that he had qualifying prior convictions for armed robbery and assault with a dangerous weapon (ADW) was made by the trial judge rather than by the jury that found him guilty of UPF.  Bland further argues that the government failed to present sufficient evidence to support this predicate finding.  For the following reasons, we reject these contentions and affirm the judgment of the Superior Court.

First, as the government argues and appellant does not dispute, he waived his constitutional claim at trial in order to keep the jury from learning the nature of his prior convictions to his potential prejudice.  To that end, he entered into a stipulation informing the jury only that he had a previous conviction for which the penalty was greater than one year.  Through counsel, he expressly agreed that (1)

---

[1] *See* D.C. Code § 22-4503 (a)(1), (b)(1) (2012 Repl. & 2016 Cum. Supp.). Mr. Bland also was convicted of possession of an unregistered firearm and unlawful possession of ammunition, *see* D.C. Code §§ 7-2502.01 (a) and 7-2506.01 (3) (2012 Repl.), but he raises no issue with respect to those convictions.

whether his previous convictions were for a crime of violence was "not something that the jury has to know about"; and (2) he would "not . . . take the position . . . because the jury made no finding that the prior conviction was a crime of violence, that the Government is in any way precluded from" seeking a sentencing enhancement based on that fact. Appellant cannot take a contrary position in this court.[2]

Second, even if we were to disregard his waiver, appellant cannot prevail on his constitutional claim. His premise, that the jury had to find his prior conviction for a violent crime in order for his sentence to be enhanced on that basis, is erroneous. "The Supreme Court established in *Apprendi* that the fact of a prior conviction does not have to be submitted to the jury's consideration before the judge may enhance the sentence."[3] Moreover, under the UPF statute, whether a

---

[2] *See Preacher v. United States*, 934 A.2d 363, 368 (D.C. 2007) ("Generally, the invited error doctrine precludes a party from asserting as error on appeal a course that he or she has induced the trial court to take."); *Brown v. United States*, 627 A.2d 499, 508 (D.C. 1993) ("We have repeatedly held that a defendant may not take one position at trial and a contradictory position on appeal.").

[3] *Eady v. United States*, 44 A.3d 257, 261 (D.C. 2012); *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n.1 (2013) (holding that "the principle applied in *Apprendi* applies with equal force to facts increasing the

*(continued…)*

prior conviction was for a "crime of violence other than conspiracy" for enhancement purposes is a legal, not factual, question.[4] Thus, the Constitution permitted the trial judge to determine whether appellant had such a prior conviction, just as it permitted the judge in *Almendarez-Torres v. United States* (the case in which the Supreme Court recognized the exception for prior convictions) to determine whether a prior conviction was for an "aggravated felony."[5]

Third, we are satisfied the judge had sufficient grounds for finding that appellant was previously convicted of crimes of violence. It is true that the government did not provide the court with a certified copy of the judgment of

---

*(continued…)*
mandatory minimum," subject to the same "exception . . . for the fact of a prior conviction").

[4] *See* D.C. Code § 22-4503 (d)(1) (providing, in pertinent part, that "'Crime of violence' shall have the same meaning as provided in [D.C. Code] § 23-1331 (4) . . . ."); *see, e.g.*, *Towles v. United States*, 115 A.3d 1222, 1232-34 (D.C. 2015) (determining as a matter of law that a prior conviction for involuntary manslaughter supports the sentencing enhancement in § 22-4503 (b)(1) because it is a "crime of violence" within the meaning of § 23-1331 (4)).

[5] 523 U.S. 224, 235 (1998). Appellant argues that later decisions of the Court have raised doubts about the continuing viability of *Almendarez-Torres* to the point that it should no longer be considered good law. This court is not in a position to reach such a conclusion. *See, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (rejecting proposition "that other courts should ever conclude that [the Supreme Court's] more recent cases have, by implication, overruled an earlier precedent").

conviction or equivalent documentation. However, before trial, pursuant to D.C. Code § 23-111 (a)(1) (2012 Repl.), the government filed with the court and served on appellant's counsel in open court an information stating that appellant would be subject to the enhanced penalties for UPF based on his convictions for armed robbery and assault with a dangerous weapon in Superior Court case number 77-FEL-6483. In addition, the government filed with the court a copy of its letter furnishing appellant with a certified copy of the judgment of conviction in that case. Armed robbery and ADW are both crimes of violence.[6] Thereafter, when appellant was preparing to stipulate that he had a prior felony conviction, the prosecutor informed the judge that "the defense does not dispute that it was a robbery conviction." Appellant did not contest that representation. When appellant appeared for sentencing, his counsel affirmatively acknowledged that the presentence report was "substantially accurate" and did not demur when the judge then stated that the report writer concluded that appellant had "a prior conviction for a crime of violence."[7] Further, appellant implicitly confirmed that his prior convictions were for substantive crimes of violence when he argued in the trial

---

[6] *See* D.C. Code § 23-1331 (4) (2012 Repl.).

[7] That the statements were not made by appellant personally does not mean they cannot be treated as his admissions. "A party may make an admission by adopting or acquiescing in the statement of another." *Tann v. United States*, 127 A.3d 400, 466 (D.C. 2015).

court that they could not be found to qualify for purposes of the sentencing enhancement only because they might have been based on a theory of conspiracy liability (a separate argument we shall discuss below). In all the discussions with the judge regarding his stipulation to a prior felony and, at sentencing, over the *Apprendi* issue, appellant never denied that he had been convicted of, specifically, armed robbery and ADW. Nor has appellant denied it on appeal. There really appears to be absolutely no genuine dispute about it, and that is what we perceive the trial judge was given to understand. Considering the totality of these circumstances, we are satisfied that the judge had enough before her to find that appellant's prior convictions were for armed robbery and ADW.[8]

---

[8] The judge neglected to address appellant in accordance with the requirements of D.C. Code § 23-111 (b) to ask him whether he affirmed or denied the convictions and advise him that any challenge to those convictions not made before the imposition of sentence could not be raised to attack the sentence. *See, e.g.*, *Brocksmith v. United States*, 99 A.3d 690, 702-03 (D.C. 2014); *Sanders v. United States*, 809 A.2d 584, 600-602 (D.C. 2002); *Smith v. United States*, 356 A.2d 650, 652 (D.C. 1976). Our unpublished Memorandum Opinion and Judgment in this case noted that appellant did not identify this omission as a ground for relief. After the issuance of that opinion, appellant moved for leave to file a supplemental brief presenting a claim that the trial judge's failure to comply with D.C. Code § 23-111 (b) was plain error. We denied that motion because even if its untimeliness were to be excused, appellant could not satisfy the stringent requirements of plain error review. As our Order denying leave to file explained,

> [Appellant] makes no claim that he has any basis on which to dispute or challenge his prior convictions for crimes of violence. We therefore conclude that the trial court's "error was essentially harmless because appellant has not attempted to show any harm, nor do we

*(continued…)*

Finally, we reject appellant's argument that his enhanced sentence was improper because the record does not rule out the possibility that he was convicted of armed robbery and ADW on a conspiracy theory of liability. The enhancement provision of the UPF statute applies whenever a defendant has "a prior conviction for a crime of violence other than conspiracy" regardless of the particular theory of liability on which the conviction was based.[9]

The judgment of the Superior Court is hereby affirmed.

*So ordered.*

---

*(continued…)*

    independently glean from the record any injury, caused by the trial court's omission. In such an instance, we will not waste scarce judicial resources and remand this case for resentencing." *Brocksmith v. United States*, 99 A.3d 690, 703 (D.C. 2014) (internal quotation marks omitted).

[9] D.C. Code § 22-4503 (b)(1). In excepting conspiracy convictions from the class of violent crime convictions triggering a sentence enhancement, subsection (b)(1) reflects the fact that D.C. Code § 23-1331 (4) lists conspiracy to commit one of the enumerated (substantive) crimes of violence as being another such crime.