## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2018, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devin Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 21, 2018<br>Court of Appeals Case No.<br>18A-CR-461<br>Appeal from the Hendricks<br>Superior Court<br>The Honorable Stephenie LeMay-Luken, Judge<br>Trial Court Cause No.<br>32D05-1609-F2-17 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Devin Johnson was found guilty of two counts of dealing in a narcotic drug, one as a Level 2 felony and one as a Level 4 felony. The trial court then found that Johnson had a prior conviction which enhanced the Level 4 felony to a Level 3 felony. The trial court sentenced Johnson to an aggregate sentence of twenty-five years in the Indiana Department of Correction. Johnson raises two issues for our review: 1) whether the trial court erred when it admitted the State's late-disclosed Exhibit 10; and 2) whether his conviction for the Level 3 felony must be reversed because material variances existed between the enhancement charging information and the evidence produced at trial. Concluding that Johnson was not prejudiced by the State's discovery violation and that any variances between the enhancement charging information and the evidence at trial did not prejudice Johnson's substantial rights, we affirm.

# Facts and Procedural History

[2] On September 20, 2016, Detective John Maples of the Hendricks County United Drug Task Force completed a controlled buy of 1.28 grams of heroin from Johnson. On September 21, 2016, Detective Maples completed a second controlled buy from Johnson, this time of 25.90 grams of heroin. As a result of these drug buys, Johnson was arrested on September 29, 2016.

[3] The State charged Johnson with one count of dealing in a narcotic substance as a Level 2 felony for delivering the 25.90 grams of heroin. The State also charged Johnson with one count of dealing in a narcotic substance as a Level 4 felony for delivering the 1.28 grams of heroin. The State sought to enhance the Level 4 felony to a Level 3 felony, alleging in a separate information as follows, in relevant part:

> An *enhancing circumstance* applies, specifically: [Johnson] has a prior conviction for Dealing [sic] crack cocaine on or about March 26, 2007 in Federal Court [sic], in Kentucky under cause number KY026067C.

Corrected Appellant's Appendix, Volume II at 15 (emphasis in original).

[4] On September 30, 2016, the trial court issued a discovery order directing the State to disclose to Johnson a list of any documents it intended to admit as exhibits at trial as well as "[a]ny record of prior criminal convictions of the accused . . . ." *Id*. at 19. The State responded to this discovery order but did not disclose any information pertaining to Johnson's prior conviction. *Id*. at 21. The trial court issued a pre-trial order on December 13, 2017, in which it directed the parties to file a final witness and exhibit list by January 8, 2018, which was to include only previously disclosed witnesses and exhibits. *Id*. at 44. The State did not tender a final list of witnesses or exhibits.

[5] Johnson's jury trial took place on January 22, 2018. The jury found Johnson guilty of both dealing counts. Johnson then waived his right to a trial by jury on the enhancement allegation. The State's only witness during the

enhancement phase was the case agent in charge of the instant investigation, Detective Brian Petree. During Detective Petree's testimony, the State sought to admit Exhibit 10, which was a record of judgment showing that in 2007 Johnson had pleaded guilty in the United States District Court, Northern District of Indiana, Hammond Division, to one count of distribution of crack cocaine base and had been sentenced to a term of 151 months. Volume of Exhibits, Volume III at State's Exhibit 10.[1] Johnson's defense counsel objected to the admission of Exhibit 10 on the basis that the State had committed a discovery violation by not disclosing Exhibit 10 to her until that morning. The State responded as follows:

> Judge, this is an enhancement phase, not a guilty phase I, certainly uh, would've provided it for I had (inaudible) requested. Uh, I don't there was a specific request for it uh, and again, it's an enhancement phase, not a, not a guilty phase, we're not implicating any rights of the defendant.

Transcript of Evidence, Volume II at 134 (sic throughout). The trial court overruled defense counsel's objection, noting that the charging information had provided the specific court, state, date, and case number of the prior conviction "so that information could be, could've been specifically requested and I would've granted it or it could have been (inaudible) way, so overruled, [Exhibit] 10 is admitted." *Id*. Defense counsel renewed her objection, again

---

[1] The individual exhibits in the Volume of Exhibits are not paginated.

arguing that the State had committed a discovery violation by not disclosing Exhibit 10 pursuant to the trial court's discovery or pre-trial orders. Defense counsel argued, "so I'm not sure how I would've been able to prepare without having ever seen this document." *Id.* at 135. The trial court advised that its purpose in routinely issuing the pre-trial order was to attempt to narrow the number of witnesses to appear at trial from the often-expansive lists provided by the parties during discovery. The trial court again noted the level of detail contained in the enhancement information and stated that the defense could have researched the conviction itself. Defense counsel did not request a continuance. The trial court admitted Exhibit 10 and found that Johnson had a prior conviction for dealing in a qualifying substance pursuant to the allegations in the enhancement information. This appeal ensued.

# Discussion and Decision

## I. Motion to Exclude Evidence

[6]  Johnson argues that the trial court erred when it declined to exclude Exhibit 10 because the State violated the trial court's discovery orders in "utter disregard of the trial court and well-established law." Appellant's Brief at 7. Specifically, Johnson contends that the State violated the trial court's discovery and pre-trial orders by failing to disclose the record of judgment it sought to admit as Exhibit 10 until the morning of Johnson's trial, and, thus, that the trial court should have excluded it.

# A. Waiver

We begin by addressing the State's argument that Johnson has waived this issue for our review by failing to seek a continuance when the State offered Exhibit 10 into evidence. State's Brief of Appellee at 12-13. The general rule pertaining to discovery violations is that the proper remedy is a continuance and that failure to seek a continuance, where a continuance would be an appropriate remedy, constitutes waiver of a claim of error. *Warren v. State*, 725 N.E.2d 828, 832 (Ind. 2000).[2] Johnson did not request a continuance and seeks to evade the effect of his failure to request a continuance by speculating that the trial court would not have granted it. *See* Appellant's Br. at 9-10. Our review of the trial court's remarks does not indicate that it was a foregone conclusion that the trial court would have denied a continuance had it been sought. In addition, Johnson does not explain why a continuance would not have cured any surprise caused by Exhibit 10 by providing more time to prepare. Johnson failed to seek a continuance after being presented with Exhibit 10, and, therefore, we agree with the State that this claim is waived.

# B. Exclusion of Exhibit 10

Waiver notwithstanding, even if Johnson had preserved his claim of error, it would not be well-taken. A trial court has broad discretion in resolving discovery violations, and we will reverse only upon an abuse of that discretion

---

[2] At times this rule produces unfair results because, in effect, it rewards litigants who fail to adequately prepare for trial by allowing admission of their untimely-produced discovery.

that involves clear error and resulting prejudice. *Berry v. State*, 715 N.E.2d 864, 866 (Ind. 1999). Before an appellant is entitled to reversal based upon a discovery violation, he must affirmatively show that the error was prejudicial to his substantial rights. *Fleming v. State*, 833 N.E.2d 84, 92 (Ind. Ct. App. 2005). Furthermore, "[e]xclusion of evidence as a remedy for a discovery violation is only proper where there is a showing that the State's actions were deliberate or otherwise reprehensible, and this conduct prevented the defendant from receiving a fair trial." *Warren*, 725 N.E.2d at 832.

[9] In this case, it is undisputed that the State violated the trial court's discovery order which directed the State to disclose its proposed exhibits, including "[a]ny record of prior criminal convictions of the accused . . . ." Corrected Appellant's App., Vol. II at 19. Given the trial court's remarks suggesting its pre-trial order was more advisory than mandatory, it is less clear that the State violated the trial court's pre-trial order. Nevertheless, the State also failed to use the pre-trial order as an opportunity to reveal to Johnson which prior conviction it intended to rely upon for the felony enhancement. Instead, the State did not disclose the Indiana prior conviction record to Johnson until the morning of trial.

[10] The State's conduct in this case constituted, at the very least, sloppy trial preparation. However, on the record before us, we are not convinced that the State's conduct was deliberate or otherwise reprehensible such that the exclusion of Exhibit 10 was required. In addition, we fail to see how Johnson was unfairly prejudiced such that his substantial rights were impacted, given that the late-disclosed exhibit pertained to his own criminal record and

constituted matters that were well within his own personal knowledge.[3] Given Johnson's waiver of an issue upon which he would not have prevailed, we affirm the trial court's admission of Exhibit 10.

## II. Variances Between Information and Evidence

[11] Johnson also briefly argues that the variances between the factual allegations contained in the State's enhancement charging information and the evidence at trial merit reversal. We begin by noting that the purpose of a charging information is to advise the defendant of the particular crime being alleged so that she can prepare her defense. *Myers v. State*, 510 N.E.2d 1360, 1366 (Ind. 1987). In light of that purpose, any variance between the charging information and the evidence produced at trial will not be fatal to a conviction unless the defendant can show that she was misled in the preparation and maintenance of her defense by the charge. *See Martin v. State*, 528 N.E.2d 461, 465 (Ind. 1988) (variance between specific offense alleged in the information as a predicate to habitual offender status and that shown at trial not fatal); *see also Harmon v. State*, 518 N.E.2d 797, 798 (Ind. 1988) (variance between prior conviction dates and those shown by the evidence not fatal).

---

[3] It is unclear from the record whether the trial court was under the mistaken impression that the charging information and Exhibit 10 were largely consistent or whether the trial court ruled that the specific allegations in the information should have placed Johnson on notice to request more information from the State. Because we have concluded that Johnson was not prejudiced by the late disclosure of Exhibit 10, we do not address the trial court's statements.

[12] In this case, the State alleged in the information that Johnson had been previously convicted of dealing in crack cocaine on or about March 26, 2007, in a Kentucky federal court under a certain cause number. *See* Corrected Appellant's App., Vol. II at 15. The actual evidence produced at trial was that Johnson had been convicted of distribution of crack cocaine base on February 1, 2007, in an Indiana federal court under a different cause number. Vol. of Exhibits, Vol. III at State's Ex. 10. Thus, the charging information and the evidence produced had the type of offense, the year of conviction, and the federal court system in common, and they varied on the specific date of conviction, state of conviction, and cause number.

[13] Although this case approaches the outer limits of permissible variance, we cannot say that reversal is required because Johnson has failed to demonstrate that he was prejudiced. Johnson does not show how he would have prepared his defense differently, nor does he argue that some other defense could have been brought to bear had the enhancement charge referenced the Indiana prior offense. Indeed, as noted above, the variances at issue here involved Johnson's own criminal record, a matter of which he already had personal knowledge. Further, defense counsel's strategy during the enhancement phase was to assail the reliability of the State's evidence by questioning whether the sponsor of the exhibit had personal knowledge that the Johnson with the prior conviction and the Johnson present at trial were one and the same. Tr. of Evid., Vol. II at 136-37. This strategy would have been equally effective regardless of which prior conviction had been shown at trial. Because we do not find that Johnson was

unfairly misled or prejudiced in his defense by the variances between the State's charging information and its evidence, we affirm.

# Conclusion

[14] Concluding that the trial court did not abuse its discretion when it admitted Exhibit 10 and that no variances meriting reversal existed between the State's enhancement charging information and the evidence at trial, we affirm.

[15] Affirmed.

Najam, J., and Altice, J., concur.